# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY,** <br><br> Plaintiff, <br><br> v. <br><br> **AIM LEASING COMPANY d/b/a AIM NATIONALEASE and GENUINE PARTS COMPANY d/b/a NAPA AUTO PARTS,** <br><br> Defendants. | 1:14-cv-03039-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendants AIM Leasing Company d/b/a AIM NationaLease's ("AIM") and Genuine Parts Company d/b/a NAPA Auto Parts' ("Genuine Parts") Motions to Dismiss [7, 16] Plaintiff Discover Property & Casualty Insurance Company's ("Discover") Complaint [1].

## I. BACKGROUND

### A. The Underlying Lawsuit

On September 9, 2009, Roger W. Walters died in a three-vehicle accident in Washington County, Pennsylvania. The truck that collided with Mr. Walters' vehicle was owned by Genuine Parts and driven by its employee, Nicholas Jackson

("Jackson"). On November 27, 2009, Mr. Walters' widow, Cynthia L. Walters, filed in the Court of Common Pleas for Washington County, Pennsylvania ("Court of Common Pleas"), a wrongful death action against Genuine Parts and Jackson (the "Underlying Lawsuit").

AIM had a Vehicle Maintenance Agreement ("VMA") with Genuine Parts to maintain Genuine Parts' vehicles, including the truck involved in the collision with the Walters' vehicle. Genuine Parts claims that AIM's negligent maintenance of the truck was the proximate cause of the accident. Genuine Parts joined AIM in the Underlying Lawsuit, seeking contribution and indemnity from AIM.

The VMA also required Genuine Parts to procure and maintain an automobile liability insurance policy that named AIM as an additional insured. Discover issued an insurance policy (the "Policy") to Genuine Parts that provides insurance coverage, up to $5,000,000 per accident, for vehicular accidents.[1] AIM filed in the Underlying Lawsuit cross-claims for contribution and indemnity against Genuine Parts.[2]

---

[1] Although the Complaint states that the Policy was issued "for the period November 1, 2009 through November 1, 2010," the copy of the Policy submitted with the Complaint shows the policy period as "FROM 09/01/2009 TO 09/01/2010." (Compare Compl. ¶ 13 with, e.g., Ex. A [1.1 at 4, 20]).

[2] The parties appear to dispute whether AIM is named as an additional insured under the Policy, and that issue has been the subject of extensive litigation in the

On October 25, 2010, Genuine Parts settled Ms. Walters' wrongful death claim for $1,050,000.

On July 10, 2014, a jury in the Underlying Lawsuit found that AIM was one hundred percent (100%) liable for Mr. Walters' death.

Genuine Parts' claims against AIM for contribution and indemnity remain pending in the Underlying Lawsuit.[3]

B. AIM's Declaratory Judgment Actions in Pennsylvania

On April 12, 2012, AIM filed, in the United States District Court for the Western District of Pennsylvania, a declaratory judgment action against Genuine Parts and Discover (the "Western District of Pennsylvania Action"). AIM seeks a declaration that Genuine Parts and Discover are required to defend and indemnify AIM pursuant to the VMA and the Policy. On July 31, 2012, the district court

---

Court of Common Pleas and the United States District Court for the Western District of Pennsylvania.

[3] Genuine Parts filed in the Underlying Lawsuit a Motion to Mold Verdict, Add Delay Damages and Enter Judgment, which seeks to "liquidate the $1,050,000 contractual indemnity owed by AIM to [Genuine Parts], reflect property damages . . . and to add . . . delay damages; reflect prejudgement interest . . . ; and reflect the attorney fees, costs and expenses incurred by [Genuine Parts] in defending and prosecuting the Underlying [Lawsuit] and in defending two separate declaratory judgment actions filed by AIM." (Compl. ¶ 19).

stayed the Western District of Pennsylvania Action pending resolution of the contribution and indemnity issues in the Underlying Action.

On October 23, 2012, AIM filed, in the Court of Common Pleas, a second declaratory judgment action against Genuine Parts and Discover (the "Court of Common Pleas Declaratory Judgment Action"). AIM sought a declaration that Discover is required to provide insurance coverage to AIM as an additional insured under the Policy.

On June 19, 2014, the Court of Common Pleas granted AIM's motion for summary judgment and declared that Discover is required to provide insurance coverage to AIM as an additional insured under the Policy. Discover has appealed the judgment to the Pennsylvania Superior Court.

The parties did not move to lift the stay in the Western District of Pennsylvania Action, and that action is still pending, but stayed.

C. Discover's Declaratory Judgment Action in this Court

On September 22, 2014, two and a half years after AIM filed its declaratory action in the District Court for the Western District of Pennsylvania, and four months after the Court of Common Pleas declared that AIM was covered under the Policy, Discover filed this declaratory judgment action in this Court. Discover seeks a declaration that it is not required under the Policy to defend and indemnify

4

Genuine Parts and AIM in the Underlying Lawsuit because they did not comply with the Policy's Self-Funded Retention Endorsement ("Self-Funded Retention"). The Self-Funded Retention requires the insured to fund the first $5,000,000 of each covered accident, and it specifically provides:

> [D]amages . . . caused in any one accident that would otherwise be payable under LIABILITY COVERAGE will be reduced by the [S]elf-[F]unded [R]etention applicable to such coverage . . . . The Per Accident Limit of Insurance applicable to such coverage will be reduced by the amount of damages . . . payable under the [P]olicy, both within, and in excess of, such [S]elf-[F]unded [R]etention.

(Compl. ¶ 22 & Ex. A [1.1 at 38]). The Self-Funded Retention also provides:

> [Discover] will delegate the responsibility to investigate, adjust, defend and/or settle all claims or "suits" to [the insured], subject to the following conditions:
>
>    . . .
>
>    e. When a claim or "suit" has been settled or adjudicated, the insured will promptly pay the amount of such claim or suit to the party to whom the payment is due for damages, . . . up to the applicable [S]elf-[F]unded [R]etention . . . .

(Id. ¶ 23 & Ex. A [1.1 at 39]). Discover argues that, "[p]ursuant to the language in the Policy and [the Self-Funded Retention], Discover [] has no obligation under the Policy to indemnify AIM or [Genuine Parts] until either insured meets its contractual obligation to pay the first $5,000,000 in payments and claim expenses." (Id. ¶ 25).

5

On October 23, 2014, AIM moved to dismiss the Complaint on the grounds that (1) *res judicata* and collateral estoppel bar Discover's declaratory judgment action because the Court of Common Pleas granted summary judgment in favor of AIM and found that AIM was covered under the Policy, (2) the first-filed rule requires the Western District of Pennsylvania Action to proceed first, and (3) the Colorado River doctrine requires the Court to abstain from exercising jurisdiction over this action until the Court of Common Pleas Declaratory Judgment Action is resolved.

On December 19, 2014, Genuine Parts moved to dismiss the Complaint on the grounds that (1) the first-filed rule requires the Western District of Pennsylvania Action to proceed first, (2) the Colorado River doctrine requires the Court to abstain from exercising jurisdiction over this action, and (3) an indemnity agreement between Genuine Parts and Discover contains a forum selection clause that requires disputes regarding the Self-Funded Retention to be litigated in Connecticut.

## II. DISCUSSION

### A. Legal Standard

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations

will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). The Court is not required to accept a plaintiff's legal conclusions as true. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —, 132 S. Ct. 1702 (2012). The Court also will not "accept as true a legal conclusion couched as a factual allegation." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint, ultimately, is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

"Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557); see also

Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts" standard has been overruled by Twombly, and a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'" Tropic Ocean Airways, Inc. v. Floyd, 598 F. App'x 608, 609 (11th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

 B. Analysis

  *1. First-Filed Rule*

This case involves interpretation of the Self-Funded Retention provision in the Policy. The action here was filed after AIM filed the Western District of Pennsylvania Action. In the Western District of Pennsylvania Action, AIM seeks a declaration that it is covered by the Policy. Coverage questions usually are decided before considering whether a policy exclusion applies. The question here then is how to interpret and apply the first-filed rule.

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." See Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) (citations

omitted). Under the first-filed rule, "when parties have instituted competing or parallel litigation in separate courts," the court that "initially seized the controversy" should hear the case. See Collegiate Licensing Co. v. Am. Cas. Co., 713 F.3d 71, 78 (11th Cir. 2013) (citations omitted). The court that "initially seized the controversy" decides the merits of substantially similar cases, and determines whether the issues raised in the second-filed suit should be dismissed, stayed or consolidated. Id.

If the court determines that a likelihood of substantial overlap exists between the two suits, "the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." See Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 606 (5th Cir. 1999). A party must show "compelling circumstances" to convince a court to depart from the first-filed rule. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.3d 1169, 1174 (11th Cir. 1982).[4]

---

[4] Here, the Court has "unique and substantial" discretion to decide whether to hear this declaratory judgment action. See Manuel, 430 F.3d at 1135 (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995)).

Discover argues that the "first-filed" rule does not apply here because the Self-Funded Retention was not raised in the Western District of Pennsylvania Action. Discover contends:

> The Pennsylvania federal action and this action do not involve the same "coverage dispute" or "substantially similar issues." . . . [T]he current case requests a determination on whether the conditions established by the terms of the [Self-Funded Retention], including the payment of $5,000,000, the insured's [Self-Funded Retention], have been satisfied. That issue was never pled by AIM in the Pennsylvania federal action or . . . asserted by Discover, the federal action having been stayed for more than two years. Because the cases do not involve the "substantial overlap" of issues, the First Filed Rule does not apply and this case should remain in this jurisdiction.

(Pl's Resp. to AIM's Mot. to Dismiss at 15-16).

To determine whether two actions pending in different federal courts involve "overlapping issues," the court examines whether (1) "the core issue" is the same in both actions, (2) the proof required would likely be identical, and (3) if the two actions overlap "on the substantive issues." Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp., 665 F.3d 671, 678 (5th Cir. 2011); Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 951 (5th Cir. 1997).

The "core issue[s]" in this case and in the Western District of Pennsylvania Action overlap and are inextricably intertwined. See id. The Western District of Pennsylvania Action concerns the coverage of the Policy in which the Self-Funded Retention is contained. The interpretation of the retention provision is material

10

only if the Policy extends coverage to Defendants. The coverage and retention interpretation issues are integrated and it is illogical and inefficient to interpret the Self-Funded Retention unless and until the Policy coverage issues are resolved. If there is no coverage, the retention interpretation issue is moot.

The Court concludes that the "core issue" in the two forums here center on terms within the Policy and, as a result, these actions significantly overlap "on the substantive issues." See Int'l Fid., 665 F.3d at 678; Save Power, 121 F.3d at 951. The issue of coverage is at the "heart" of AIM's complaint in the Western District of Pennsylvania Action. See Kohn Law Group, Inc. v. Auto Parts Mfg. Miss., Inc., 787 F.3d 1237, 1241 (9th Cir. 2015) (affirming district court's decision to stay because the "heart" of the first-filed action concerned whether plaintiff was entitled to payments defendant owed to a third party). Whether the Self-Funded Retention applies and, if so, how it applies, is secondary to the coverage question.[5]

The purpose of the first-filed rule is to "exercise care to avoid interference" with the jurisdiction of another federal court because "the concern manifestly is to

---

[5] The Self-Funded Retention provides that Discover is not obligated to fund the costs of defense or indemnity for any judgment unless the amount exceeds $5,000,000. It is only after the insured's obligation to fund (1) the costs to defend, when those costs are ultimately determined, and (2) the amount of the insured's liability when determined by adjudication or settlement, is satisfied that Discover's obligation under the Policy to pay, if any, can be determined. This further underscores the interrelationship between Policy coverage and the insured's retention obligation.

11

avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." See Int'l Fid., 665 F.3d at 678. Put another way, the first-filed rule seeks to promote litigation efficiency and avoid duplication of decision-making by federal courts. Those goals would be interfered with here if the District Court for the Western District of Pennsylvania was not allowed first to adjudicate the core issue presented to it.

The District Court for the Western District of Pennsylvania is the appropriate court to decide the most efficient process for litigating the issues raised in the case before it and in the case before this Court. See Collegiate Licensing, 713 F.3d at 78. The issue of the interpretation of the Self-Funded Retention first requires a resolution of the Policy coverage issues and, only when the costs to defend and extent of damages are determined can the Self-Funded Retention be interpreted and applied. Discover fails to show that "compelling circumstances" exist to require the Court to depart from the first-filed rule. See Merrill Lynch, 675 F.3d at 1174.

The question that remains is how best to achieve the objectives of the first-filed rule. The Court has two logical choices: stay this action until the court in the Western District of Pennsylvania Action decides the Policy coverage issues

presented to it; or transfer this action to the Western District of Pennsylvania for it to preside over the related issues involving interpretation of the Self-Funded Retention. The Court determines that transfer is the more efficient process and the one that gives effect to the principles upon which the first-filed rule is founded. See 28 U.S.C. § 1406(a) (court has discretion to transfer to another district "in which it could have been brought."); see also Cadle, 174 F.3d at 606 (vacating district court's decision to dismiss the complaint and noting that "the proper course of action was for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed"). The Court concludes that sound judicial administration and judicial economy require this action to be transferred to the United States District Court for the Western District of Pennsylvania.[6]

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Western District of Pennsylvania.

---

[6] Having applied the first-filed rule and determined that this matter is required to be transferred to the District Court for the Western District of Pennsylvania, the Court does not express a view on whether *res judicta*, collateral estoppel, abstention, or a forum selection clause bar Discover from raising the Self-Funded Retention to deny insurance coverage. See Collegiate Licensing, 713 F.3d at 78.

**SO ORDERED** this 31st day of July, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE