IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, | CIVIL ACTION |
| Plaintiff, | No: 2:15-cv-00998 |
| vs. | |
| | **HONORABLE CATHY BISSOON** |
| AIM NATIONALEASE, and GENUINE PARTS COMPANY t/d/b/a NAPA AUTO PARTS, | |
| | PAUL R. ROBINSON, ESQUIRE PA I.D. No. 65581 |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

**BRIEF IN SUPPORT OF GENUINE PARTS COMPANY'S MOTION TO DISMISS**

AND NOW, comes the defendant, GENUINE PARTS COMPANY t/d/b/a NAPA AUTO PARTS ("Genuine"), by its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing its brief in support of its motion to dismiss Discover's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) averring as follows:

## I.   INTRODUCTION

In this declaratory judgment action in which an insurer seeks a declaration that it has no duty of coverage relative to its insureds with respect to a lawsuit filed in Pennsylvania state court in relation to a fatal Pennsylvania automobile accident, the Court should dismiss the Complaint on the basis of: (1) res judicata; (2) collateral estoppel; and/or (3) waiver of defenses.

## II.   BACKGROUND

The underlying lawsuit filed in Washington County, Pennsylvania ("Underlying Tort Action") arises out of a September 9, 2009 fatal automobile accident that occurred in Washington County, Pennsylvania ("Accident") and involved a vehicle owned by Genuine Parts Company ("Genuine Parts"). (See Amended Complaint at ¶ 7). Pursuant to a Vehicle Maintenance Agreement, AIM performed maintenance work on the vehicle owned by Genuine Parts and which was involved in the Accident. (See Amended Complaint at ¶ 9). Genuine Parts joined AIM as an additional defendant to the Underlying Tort Action regarding the Accident. (See Amended Complaint at ¶ 8).

Discover Property & Casualty Insurance Company ("Discover") issued an automobile liability insurance policy to Genuine Parts, effective from November 1, 2009 to November 1, 2010 ("Discover Policy"). (See Amended Complaint at ¶ 11 and Exhibit A of Amended Complaint).

In 2012, AIM initiated a declaratory judgment action against Discover and Genuine Parts in the Court of Common Pleas of Washington County, Pennsylvania ("PA Coverage Action"), seeking a declaration confirming AIM's additional insured status under the Discover Policy and establishing Discover's duty of coverage relative to AIM with respect to the damages at issue in the Underlying Tort Action. (See Amended Complaint at ¶ 13 and Exhibit B of Amended Complaint). Discover filed a cross-motion for summary judgment in the PA Coverage Action, seeking a declaration that it owed no duty of coverage to AIM as an additional insured under the Discover Policy on

2

numerous bases. (See Exhibit 1). The court in the PA Coverage Action explained that the issue before it was "whether Discover owes a duty of coverage to AIM as an additional insured under the insurance policy in question" in connection with the Underlying Tort Action and granted AIM's motion for summary judgment in finding the same. (See Exhibit B of Amended Complaint).

Although Discover filed an appeal to the Pennsylvania Superior Court with respect to the ruling in the PA Coverage Action that Discover owes coverage to AIM, Discover filed a Praecipe for Discontinuance in connection with its appeal and the Pennsylvania Superior Court accordingly issued a Certification of Discontinuance to the trial court, such that the Pennsylvania Superior Court's docket is marked "closed" and the judgment in the PA Coverage Action is final. (See Exhibit 2).

In 2012, AIM initiated a declaratory judgment action against Discover and Genuine Parts in the United States District Court of the Western District of Pennsylvania at Case No. 2:12-cv-00480-CB ("PA Federal Court Declaratory Judgment Action"), also seeking a declaration regarding Discover's rights and obligations under the Discover Policy. (See Exhibit 3). Discover filed an Answer and Affirmative Defenses in the PA Federal Court Declaratory Judgment Action contesting any coverage obligations to AIM for the Underlying PA Tort Action. (See Exhibit 4). The district court entered an Order staying the PA Federal Court Declaratory Judgment Action pending resolution of the Underlying PA Tort Action. (See Exhibit 5).

{P1219865.1}

Discover initiated this instant declaratory judgment action on September 22, 2014 in the United States District Court for the Northern District of Georgia seeking a declaration that it does not have a duty to indemnify or provide payment to Genuine Parts or AIM with respect to the damages at issue in the Underlying Tort Action. (See Complaint at ad damnum clause, subparagraph (a)). On December 19, 2014, Genuine filed a Motion to Dismiss in the Northern District of Georgia. On July 31, 2015, the Northern District of Georgia transferred the instant action to the Western District of Pennsylvania. Genuine Parts re-filed its Motion to Dismiss in the Western District of Pennsylvania on October 23, 2015. Discover then filed an Amended Complaint for Declaratory Judgment on November 9, 2015.

## III.    STANDARD OF REVIEW

In resolving a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. Tyler, 52 F. Supp.2d at 474 (citing Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808 (3d Cir. 1990)). Although *res judicata* is an affirmative defense, the doctrine may be raised in a Rule 12(b)(6) motion. Tyler v. O'Neill, 52 F. Supp.2d 471 (E.D. Pa. 1999) (citing Rycoline Products, Inc. v. C&W Unlimited, 109 F.3d 883 (3d Cir. 1997); Mack v. Municipality of Penn Hills, 547 F. Supp. 863, n. 9 (W.D. Pa. 1992)).

## IV. ARGUMENT

**A. The Complaint Should Be Dismissed Pursuant to the Doctrine of *Res Judicata* Based on the Final Judgment Entered in the Pennsylvania Coverage Action.**

4

The doctrine of *res judicata*, or claim preclusion, is intended to avoid piecemeal litigation of claims arising from the same events and to ensure the finality of judgments. Churchill v. Star Enters., 183 F.3d 184 (3d Cir. 1999); Sendi v. NCR Comten, Inc., 624 F. Supp. 1205 (E.D. Pa. 1986). "[A] final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." Churchill, 183 F.3d at 194. The application of *res judicata* requires a defendant to demonstrate three elements:

(1) A final judgment on the merits in a prior suit involving,

(2) the same parties or their privies, and

(3) a subsequent suit based on the same cause of action.

Lubrizol Corp. v. Exxon Corp., 929 F.2d 960 (3d Cir. 1991) (citation omitted). "If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187 (3d Cir. 1999).

Here, with respect to the first two elements, it is undisputed that the court in the PA Coverage Action entered summary judgment in favor of AIM, that the appeal to the Pennsylvania Superior Court has been discontinued such that the judgment issued in favor of AIM in the PA Coverage Action is a final judgment, and that the parties in the PA Coverage Action are identical to those in the instant declaratory judgment action—that is, Discover, AIM and Genuine Parts Company.

{P1219865.1}

With regard to the third element, the Third Circuit has explained that in determining whether two suits are based on the same cause of action, the court is to take a broad view, evaluating whether there is "essential similarity of the underlying events giving rise to the various legal claims." CoreStates Bank, 176 F.3d at 194 (citations omitted). The Third Circuit has observed that courts "[do] not apply this conceptual test mechanically, [but] focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out [of] the same occurrence in a single suit." Sheridan v. NGK Metals Corp., 609 F.3d 239 (3d Cir. 2010). In conducting this inquiry, the court considers "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same. Lubrizol, 929 F.2d at 963 (citations omitted).

Here, the PA Coverage Action and the instant declaratory judgment action clearly share not only an "essential similarity" of underlying events giving rise to the claims at issue, but a virtual identity of facts. Stripped down to its essence, both declaratory judgment actions involve both declaratory judgment actions involve AIM's right to insurance coverage under the Discover Policy and Discover's duty to provide that coverage under the Policy. Indeed, both cases arise out of the same nucleus of operative fact and the same factual predicate—that is, Discover's duty of coverage owed to AIM as an additional insured under the Discover Policy in relation to the Underlying Tort Action. The primary rights and duties of the parties are exactly the same

6

in each case and each case involves the exact same evidence and documentation, namely information pertaining to the Underlying Tort Action and the Discover Policy.

On October 25, 2010, Genuine Parts settled the underlying wrongful death action for $1,050,000 and sought reimbursement from AIM in this amount within the context of its contribution and indemnity action. (See Amended Complaint at ¶ 12.) At this point—i.e., in 2010—it was clearly and unquestionably established that AIM's potential liability (without factoring in interest, costs, etc.) with respect to the Accident would not exceed $1,050,000 and would not approximate $5 million. (Id. at ¶ 13.) Accordingly, when the PA Coverage Action was filed two years later on October 23, 2012, Discover knew that the total potential liability exposure under the Discover policy would not exceed the policy's $5 million self-funded retention ("SFR").

As Discover states in its Amended Complaint, the crux of the PA Coverage Action was AIM's request for a judicial declaration that Discover owes coverage to AIM with respect to the Underlying Tort Action under the Discover Policy. (Id. at ¶ 13.) In response to AIM's position in the PA Coverage Action, Discover filed a cross-motion for summary judgment seeking a determination they did not owe indemnity or defense obligations to AIM in the Underlying Walters Litigation. (See Exhibit 7 attached hereto). Any particular coverage issues relating to that determination were raised—or could have been raised—in the prior PA Coverage Action.

7

For example, in the PA Coverage Action, Discover argued in its cross-motion for summary judgment seeking a declaration of no coverage that the so-called "insured contract" issue "is the lynchpin to purported coverage under the Discover policy" and that "[t]he *sin qua non* for the trigger of coverage under the 'insured contract' coverage of the Discover policy was an enforceable obligation by Genuine [Parts] to indemnify AIM." (See Ex. 1 at pp. 17 and 18 of 25.) Judge DiSalle, in the PA Coverage Action, recognizing the clear distinction between an agreement to provide insurance and an agreement to indemnify, rejected Discover's "no coverage" argument on this basis, stating that even where the indemnity clause in question is determined to be invalid and unenforceable, the validity of an insurance provision of a severable contract is not affected" such that AIM is afforded coverage under the Discover Policy. (See Exhibit B of Amended Complaint). That Discover chose to move for summary judgment in the PA Coverage Action on this narrow basis—without preserving any other coverage defense—did not change the fundamental nature of its claim of "no coverage" in the PA Coverage Action.

To be sure, in litigating the coverage issue in Pennsylvania, Discover could have—and indeed should have—raised its array of coverage defenses and argued that should coverage be found for AIM under the Discover Policy with respect to the Accident, then in the alternative, the Policy's SFR applies to AIM. Discover also should have raised the argument that the indemnity agreement between Genuine Parts and Discover applied as well. (See Amended Complaint at ad damnum clause, subparagraph (b)).This is not an extraordinary approach in declaratory judgment actions

involving the availability of insurance coverage with respect to a single loss arising out of a single event.[1]

It is axiomatic that res judicata pertains not only to claims that were raised in the prior action, but also to clams that "could have been raised previously." CoreStates Bank, 176 F.3d at 194. Such is the case here with respect to the SFR, particularly given that Discover knew from the outset of the PA Coverage Action that AIM's maximum potential liability fell well below the $5 million SFR.[2]

Consequently, it is beyond cavil that Discover's SFR and indemnity agreement defense "could have been" raised in the earlier proceeding such that Discover had a full and fair opportunity to litigate the same for the purposes of *res judicata*.

Discover contends the SFR and the indemnity agreement are applicable to Genuine Parts' claims against AIM. As such, it is clear that Discover was required to "present all claims arising out [of[ the same occurrence in a single suit," and the defect resulting from Discover's failure to raise its SFR coverage and the indemnity agreement defenses in the prior coverage action cannot be cured through any attempt by Discover to repackage the fundamental question at issue.

---

[1] Such alternative coverage arguments must be pled and preserved in coverage litigation or may be otherwise waived where, as in the PA Coverage Action, a final declaratory judgment establishing a coverage obligation is rendered. See Wright, et. al. 18A Fed. Prac. & Proc. Juris. § 4402 (2d. ed.) (explaining that *res judicata* "'treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action[,]'" and that "the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial.

[2] This fact alone belies any proclamation by Discover that to raise the $5 million SFR coverage defense in the prior coverage action would have been premature or not "ripe."

{P1219865.1}

To permit Discover to trudge forward with this identical declaratory judgment action would be anathema to the central purpose of the doctrine of *res judicata*—i.e., the avoidance of "piecemeal litigation." The instant matter is a living and breathing example of piecemeal litigation.

In effect, Discover desires to compartmentalize its coverage defenses, first asking the Pennsylvania state court to relieve it of its coverage obligations to AIM on one basis, and then asking this Court to find no coverage on a new-fangled basis. Taking Discover's unorthodox litigation approach to its conclusion, if Discover is unsuccessful with respect to the SFR and the indemnity agreement defenses relative to Genuine Parts on this try—but feels that a policy exclusion may allow it to escape its responsibilities to AIM—Discover could later file a different declaratory judgment action in a different court of a different jurisdiction and attempt to litigate another aspect of the Discover Policy with a clean slate, hoping that it will be able to avoid coverage to AIM in connection with the Accident. Such an absurd pattern could theoretically go on *ad infinitum* and must not be permitted.

Accordingly, the doctrine of *res judicata* dictates that the Amended Complaint in the instant declaratory judgment action should be dismissed as to Genuine Parts Company.

**B. The Complaint Should Be Dismissed Pursuant to the Doctrine of Collateral Estoppel Based on the Final Judgment Entered in the Pennsylvania Coverage Action.**

{P1219865.1}

Collateral estoppel, also referred to as issue preclusion, specifically bars re-litigation of an issue that was conclusively determined in a prior adjudication and that was essential to the original judgment. Arlington Indus., Inc. v. Bridgeport Fittings, Inc., 2015 WL 2131626 (3d Cir. May 7, 2015) (citing Witkowski v. Welch, 173 F.3d 192 (3d Cir. 1999)).

The doctrine of collateral estoppel is based upon the policy that "a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise." Dici v. Commonwealth of Pa., 91 F.3d 542 (3d Cir. 1996) (quoting Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991)).

By foreclosing subsequent disputes over issues on which a court has ruled, collateral estoppel promotes fairness and certainty while "'conserving judicial resources…and fostering reliance on judicial action by minimizing the possibility of inconsistent verdicts.'" Arlington Indus., 2015 WL 2131626, at *5 (quoting B&B Hardware, Inc. v. Hargis Indus., Inc., ___U.S.___, 135 S. Ct. 1293 (2015)).

A subsequent action is precluded by the doctrine of collateral estoppel where the following elements are satisfied:

(1) The issue sought to be precluded is the same as that involved

in the prior action;

(2) the issue is actually litigated;

11

{P1219865.1}

(3) it was determined by a final and valid judgment; and

(4) the determination was essential to the prior judgment.

Arlington Indus., 2015 WL 2131626, at *6 (citing Peloro v. United States, 488 F.3d 163 (3d Cir. 2007)).

Here, as noted above, the parties to the instant declaratory judgment action and the PA Coverage Action are identical. Additionally, the issues in both declaratory judgment actions are the same (i.e., Discover's duty of coverage to AIM under the Discover Policy with respect to the Underlying Tort Action), that issue was actually litigated by way of cross-motions for summary judgment, and final judgment was entered as to that issue in the PA Coverage Action. Discover now brings the same issue to this court. (See Amended Complaint).

The determination of Discover's duty of coverage relative to AIM was the central question involved in the PA Coverage Action such that the determination of this issue was essential to the prior declaratory judgment in that case. In the PA State Court Declaratory Judgment Action, the court was asked to declare that "Discover is bound to defend and indemnify AIM pursuant to the language under the Vehicle Maintenance Agreement between Genuine Parts and AIM and Discover Insurance Policy No. D004A00341 in the case Walters v. Genuine Parts Company, et al., Docket No. 2009-1449 in the Court of Common Pleas of Washington County, Pennsylvania." (See Exhibit 6 attached hereto).

{P1219865.1}

Discover requested in its Answer and New Matter that the court hold that Discover did not owe indemnity or defense obligations to AIM in the Underlying Walters Litigation. (See Exhibit 7 attached hereto). Based on those pleadings, the Pennsylvania court held that Discover was required to indemnify and defend AIM. (See Exhibit 8 attached hereto).

Lastly, Discover was represented by competent counsel in the PA Coverage Action and cross-moved for summary judgment, demonstrating that Discover, AIM and Genuine Parts had a full and fair opportunity to litigate Discover's duty of coverage under the Discover Policy. Discover "deserves no rematch" on the identical substantive issue of its obligation of coverage to AIM with respect to the Underlying Tort Action.

As such, because the central issue involved in the instant declaratory judgment action has already been decided in the prior PA Coverage Action, Discover is barred from re-litigating the same pursuant to the doctrine of collateral estoppel, warranting dismissal of the Amended Complaint as to Genuine Parts Company.

## C. All Coverage Issues Regarding the Underlying Walters Litigation Were, or Should Have Been, Litigated in the PA State Court Declaratory Judgment Action.

The PA State Court Declaratory Judgment Action was filed to determine whether AIM was entitled to be indemnified and defended under the Discover Policy. (See Exhibit 6.)

{P1219865.1}

In the PA State Court Declaratory Judgment Action, the court was asked to declare that "Discover is bound to defend and indemnify AIM pursuant to the language under the Vehicle Maintenance Agreement between Genuine Parts and AIM and Discover Insurance Policy No. D004A00341 in the case <u>Walters v. Genuine Parts Company, et al.</u>, Docket No. 2009-1449 in the Court of Common Pleas of Washington County, Pennsylvania." (See Exhibit 6).  Discover asked in its Answer and New Matter[3] that the court hold that Discover did not owe indemnity or defense obligations to AIM in the Underlying Walters Litigation. (<u>See</u> Exhibit 7). Based on those pleadings, the Pennsylvania court held that Discover was required to indemnify and defend AIM. (<u>See</u> Exhibit 8).[4]

Furthermore, under the controlling Pennsylvania law, Discover was required to raise all policy defenses that it had under the Discover Policy.[5]  Specifically, Rule 1032(a) of the Pennsylvania Rules of Civil Procedure provides that:

> **Rule 1032. Waiver of Defenses. Exceptions. Suggestion of Lack of Subject Matter Jurisdiction or Failure to Join Indispensable Party.**
>
> (a) A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply...

---

[3] New Matter" is the Pennsylvania equivalent of "Affirmative Defenses" in federal court. Rule 1030(a) specifically provides: "Except as provided by Subdivision (b), all affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, res judicata, statute of frauds, statute of limitations, truth and waiver shall be pleaded in a responsive pleading under the heading 'New Matter.' A party may set forth as new matter any other material facts which are not nearly denials of the averments of the proceeding pleading."

[4] Although Discover filed an appeal to the Pennsylvania Superior Court with respect to the ruling in the PA Coverage Action that Discover owes coverage to AIM, Discover filed a Praecipe for Discontinuance in connection with its appeal and the Pennsylvania Superior Court accordingly issued a Certification of Discontinuance to the trial court, such that the Pennsylvania Superior Court's docket is marked "closed" and the judgment in the PA Coverage Action is final. (<u>See</u> Exhibit 2).

[5] In Pennsylvania, "affirmative defenses are compulsory, and therefore must be timely pleaded, or they are forever lost." <u>Bender's Floor Covering Co. v. Gardner</u>, 387 Pa. Super. 531, 564 A.2d 518, 521 (1989).

{P1219865.1}

There is no dispute that Pennsylvania law required Discover to raise in its Answer and New Matter all insurance policy defenses which it intended to rely upon in denying coverage. Judge v. Celina Mutual Insurance Company, 303 Pa. Super. 221, 226, 449 A.2d 658, 661 (1995). In Judge, the Superior Court of Pennsylvania held that insurance policy defenses arising from an insurance contract are affirmative defenses which must be pleaded in an insurer's Answer and New Matter. The insurer in Judge attempted to avoid coverage based on a policy provision that was not raised in the Answer and New Matter that was filed. Because the policy defenses were not pleaded as a New Matter, the Superior Court of Pennsylvania held that they had been waived.

Numerous other Pennsylvania courts have held that insurance policy defenses must be pled in an insurer's Answer and New Matter in a declaratory judgment action, or they are waived. See Prime Medica Assoc. v. Valley Forge Ins. Co., 2009 Pa. Super. 39, 970 A.2d 1149, 1156 (2009); See also Satchell v. Ins. Placement Facility of Pa., 241 Pa. Super. 287, 361 A.2d 375, 377-78 (1976); Schroeder v. Acceleration Life Ins. Co., 377 Pa. Super. 521, 547 A.2d 1184, 1186 (1988); Santana v. Wentzien, 1995 WL 864469 (Pa. Com. Pl. Bucks County, 1995).

In addition to being the applicable law, Discover's obligation to raise all policy defenses in the Pennsylvania action makes practical sense. Otherwise piecemeal litigation potentially producing inconsistent rulings is possible.

{P1219865.1}

Discover's Answer and New Matter in the PA State Court Declaratory Judgment Action did not assert a policy defense based upon the self-funded retention or the indemnity agreement. (See Exhibit 7). Furthermore, Discover never sent Genuine Parts a reservation of rights letter, or any other communications putting Genuine Parts on notice that Discover contends the self-funded retention or the indemnity agreement were applicable to Genuine Parts' claims against AIM. Instead, this contention was first raised after judgment had been entered in the PA State Court Declaratory Judgment Action, and Genuine Parts obtained its verdict against AIM.

Although Discover's contentions were not raised with Genuine Parts in any manner prior to trial, Discover recently advised that it has always viewed Genuine Parts' money as being at issue, and Discover disconcertingly intimated that it handled the PA State Court Declaratory Judgment Action accordingly. Discover's pre-judgment actions and post-judgment comments suggest that it did not vigorously defend the PA State Court Declaratory Judgment Action because it strategically planned to punt the loss to Genuine Parts.[6]

Thus, Discover's failure to raise all policy defenses that it had under the Discover Policy dictates that the Amended Complaint in the instant declaratory judgment action should be dismissed as to Genuine Parts Company.

---

[6] AIM has its own insurance coverage for this accident through an insurer other than Discover. The self-funded retention issue that Discover raises would be irrelevant if the loss was not covered under Discover's policy and AIM's insurer paid the claim instead. It appears that Discover failed to raise numerous arguments and policy defenses to AIM's claim in the PA State Court Declaratory Judgment Action. Discover has also failed to prosecute the appeal of the PA State Court Declaratory Judgment Action correctly. (See Exhibit 9). It appears that Discover intentionally failed to litigate the PA State Court Declaratory Judgment Action because it viewed Genuine Parts money as being at issue.

{P1219865.1}

## V. CONCLUSION

For the foregoing reasons, Genuine Parts Company t/d/b/a Napa Auto Parts respectfully requests that this Honorable Court enter an Order granting its Motion and dismissing the Amended Complaint for Declaratory Judgment as to Genuine Parts Company t/d/b/a Napa Auto Parts, with prejudice.

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

By: _/s/ Paul R. Robinson_
    Paul R. Robinson, Esquire
    PA I.D. No. 65581
    U.S. Steel Tower, Suite 4850
    600 Grant Street
    Pittsburgh, PA  15219
    (412) 261-6600
    Fax: (412) 471-2754
    Email:  probinson@mdbbe.com

{P1219865.1}

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been

served upon all parties on the date and in the manner listed below:

| | |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| _____ | Overnight Delivery |
| ___X___ | Electronic Mail / CM/ECF Filing |

at the following address:

Edward A. Smallwood
smallwood@litchfieldcavo.com
hubal@litchfieldcavo.com
*(Counsel for Plaintiff)*

Christopher M. Jacobs
cjacobs@dbbk.com
*(Counsel for AIM Nationlease)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date:  November 23, 2015

/s/ Paul R. Robinson
PAUL R. ROBINSON, ESQUIRE

{P1219865.1}