IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, | CIVIL ACTION |
| Plaintiff, | No: 2:15-cv-00998 |
| vs. | |
| AIM NATIONALEASE, and GENUINE PARTS COMPANY t/d/b/a NAPA AUTO PARTS, | **HONORABLE CATHY BISSOON** |
| Defendants. | PAUL R. ROBINSON, ESQUIRE PA I.D. No. 65581 |
| | **JURY TRIAL DEMANDED** |

**BRIEF IN SUPPORT OF GENUINE PARTS COMPANY'S MOTION TO DISMISS AIM NATIONALEASE'S CROSS CLAIM**

AND NOW, comes the defendant, GENUINE PARTS COMPANY t/d/b/a NAPA AUTO PARTS ("Genuine"), by its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing its brief in support of its motion to dismiss AIM NATIONALEASE'S ("AIM") cross claim pursuant to Federal Rules of Civil Procedure 12(b)(6) averring as follows:

## I.  INTRODUCTION

The Court should dismiss AIM's cross claim against Genuine Parts on the basis of: (1) res judicata and/or (2) collateral estoppel.

## II.  BACKGROUND

The underlying lawsuit filed in Washington County, Pennsylvania ("Underlying Tort Action") arises out of a September 9, 2009 fatal automobile accident that occurred in Washington County, Pennsylvania ("Accident") and involved a vehicle owned by Genuine Parts Company ("Genuine Parts"). (See amended complaint at ¶ 7). Pursuant to a Vehicle Maintenance Agreement, AIM performed maintenance work on the vehicle owned by Genuine Parts and which was involved in the Accident. (See amended complaint at ¶ 9). Genuine Parts joined AIM as an additional defendant to the Underlying Tort Action regarding the Accident. (See amended complaint at ¶ 8).

On or about October 9, 2012, AIM filed an amended answer, new matter, counterclaim and cross claim in the Underlying Tort Action, asserting the exact same breach of contract claim it now again raises against Genuine Parts. (See Exhibit 1). AIM then filed a motion for summary judgment in the Underlying Tort Action seeking to have all claims alleged by Genuine Parts Company against AIM dismissed and that summary judgment be entered in AIM's favor and against Genuine Parts on the same breach of contract and indemnity claims which AIM again raises here.  (See Exhibit 2 and 3).

AIM argued in its brief in support of motion for summary judgment that Genuine Parts failed to name AIM as an additional insured on Discovery Insurance Policy Number D004A00341 and failed to provide appropriate vehicle coverage pursuant to the Vehicle Maintenance Agreement. (See Exhibit 3). Genuine Parts then filed a cross-motion for summary judgment in the Underlying Tort Action of AIM's breach of contract

2

claim against Genuine Parts, again the same breach of contract claim now again asserted here. (See Exhibit 4). AIM filed a response in opposition to Genuine Parts' cross-motion for summary judgment and a reply to Genuine Parts' response in opposition of AIM's motion for summary judgment. (See Exhibit 5). Genuine Parts filed a supplemental record in support of its response in opposition to AIM's motion for summary judgment. (See Exhibit 6). Genuine Parts filed a reply to AIM's response in option to its cross-motion for summary judgment. (See Exhibit 7).

A court order was entered on June 24, 2013 denying AIM's motion for summary judgment. (See Exhibit 8). On June 25, 2013, a court order also was entered granting Genuine Parts' cross-motion for summary judgment, dismissing AIM's breach of contract claims against Genuine Parts. (See Exhibit 9).

Prior to this final disposition of AIM's breach of contract claim against Genuine Parts in the Underlying Tort Action, AIM also had inexplicably initiated a second lawsuit, declaratory judgment action against Discover and Genuine Parts, in the United States District Court of the Western District of Pennsylvania at Case No. 2:12-cv-00480-CB on April 12, 2012 ("PA Federal Court Declaratory Judgment Action"), wherein AIM again attempted to assert the same breach of contract claims against Genuine Parts. (See Exhibit 10). This Court issued an order staying the PA Federal Court Declaratory Judgment Action pending resolution of the Underlying PA Tort Action and specifically ordered that AIM must present all issues relating to its breach of contract claim in the Underlying Tort Action, and not "later return to this Court with purportedly 'new' claims" as "such actions would defeat the stay's purpose of promoting judicial economy by

avoiding duplicative litigation and barring [AIM's] attempt at forum shopping." (See Exhibit 11, p. 5, fn. 2).

Discover thereafter initiated this instant declaratory judgment action on September 22, 2014 in the United States District Court for the Northern District of Georgia seeking a declaration that it does not have a duty to indemnify or provide payment to Genuine Parts or AIM with respect to the damages at issue in the Underlying Tort Action. (See complaint at ad damnum clause, subparagraph (a)). On December 19, 2014, Genuine filed a motion to dismiss in the Northern District of Georgia. On July 31, 2015, the Northern District of Georgia transferred the instant action to the Western District of Pennsylvania. Genuine Parts re-filed its motion to dismiss in the Western District of Pennsylvania on October 23, 2015.

Discover then filed an amended complaint for declaratory judgment on November 9, 2015. Genuine Parts filed a motion to dismiss Discover's amended complaint for declaratory judgment. Notwithstanding the dismissal of AIM's breach of contract claim in the Underlying Tort Action, AIM nonetheless now has filed an identical breach of contract claim against Genuine Parts in this third civil action in which it has asserted a breach of contract claim against Genuine Parts. (See AIM's answer and affirmative defenses to plaintiff's amended complaint for declaratory judgment, counterclaim and crossclaim).

{P1225493.1}

## III.  STANDARD OF REVIEW

In resolving a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. Tyler, 52 F. Supp.2d at 474 (citing Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808 (3d Cir. 1990)). Although *res judicata* is an affirmative defense, the doctrine may be raised in a Rule 12(b)(6) motion. Tyler v. O'Neill, 52 F. Supp.2d 471 (E.D. Pa. 1999) (citing Rycoline Products, Inc. v. C&W Unlimited, 109 F.3d 883 (3d Cir. 1997); Mack v. Municipality of Penn Hills, 547 F. Supp. 863, n. 9 (W.D. Pa. 1992)).

## IV.  ARGUMENT

### A.    AIM's Cross Claim Should Be Dismissed Pursuant to the Doctrine of *Res Judicata* Because of the Final Judgment Entered in the Pennsylvania Underlying Tort Action.

The doctrine of *res judicata*, or claim preclusion, is intended to avoid piecemeal litigation of claims arising from the same events and to ensure the finality of judgments. Churchill v. Star Enters., 183 F.3d 184 (3d Cir. 1999); Sendi v. NCR Comten, Inc., 624 F. Supp. 1205 (E.D. Pa. 1986). "[A] final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." Churchill, 183 F.3d at 194. The application of *res judicata* requires a defendant to demonstrate three elements:

{P1225493.1}

(1)     A final judgment on the merits in a prior suit involving,

(2)     the same parties or their privies, and

(3)     a subsequent suit based on the same cause of action.

Lubrizol Corp. v. Exxon Corp., 929 F.2d 960 (3d Cir. 1991) (citation omitted). "If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187 (3d Cir. 1999).

Here, with respect to the first two elements, it is undisputed that the court in the PA Underlying Tort Action entered summary judgment in favor of Genuine Parts, and that the parties in the PA Underlying Tort Action are identical to those in the instant action—that is, AIM and Genuine Parts Company.

With regard to the third element, the Third Circuit has explained that, in determining whether two suits are based on the same cause of action, the court is to take a broad view, evaluating whether there is "essential similarity of the underlying events giving rise to the various legal claims." CoreStates Bank, 176 F.3d at 194 (citations omitted). The Third Circuit has observed that courts "[do] not apply this conceptual test mechanically, [but] focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out [of] the same occurrence in a single suit." Sheridan v. NGK Metals Corp., 609 F.3d 239 (3d Cir. 2010). In conducting this inquiry, the court considers "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and

6

documentation required to prove such allegations were the same. <u>Lubrizol</u>, 929 F.2d at 963 (citations omitted).

Here, the PA Underlying Tort Action and the instant declaratory judgment action clearly share not only an "essential similarity" of underlying events giving rise to the claims at issue, but a virtual identity of facts. Stripped down to its essence, both actions involve a cross claim filed by AIM against Genuine Parts for its alleged breach of the Vehicle Maintenance Agreement. (<u>See</u> Exhibit 1).  The primary rights and duties of the parties are exactly the same in each case, and each case involves the exact same evidence and documentation, namely information pertaining to the Underlying Tort Action and the Vehicle Maintenance Agreement.

In the Underlying Tort Action, AIM argued in its motion for summary judgment that Genuine Parts failed to name AIM as an additional insured on Discover Insurance Policy Number D004A00341 and failed to provide appropriate vehicle coverage pursuant to the Vehicle Maintenance Agreement.  (<u>See</u> Exhibit 5).  In response to AIM's motion for summary judgment in the Underlying Tort Action, Genuine Parts filed a cross-motion for summary judgment seeking a dismissal of AIM's cross claims. (<u>See</u> Exhibit 4).  A court order was entered in the Underlying Tort Action on June 24, 2013 denying AIM's motion for summary judgment. (<u>See</u> Exhibit 8). <u>On June 25, 2013, a court order also was entered granting Genuine Parts' cross-motion for summary judgment, dismissing AIM's breach of contract claims against Genuine Parts</u>. (<u>See</u>

Exhibit 9).[1]   Any particular issues relating to the breach of the Vehicle Maintenance Agreement were raised or should have been raised in the prior Underlying Tort Action.

During the Underlying Tort Action, and prior to the final disposition of AIM's breach of contract claims in the Underlying Tort Action, AIM filed a second lawsuit against Genuine Parts (and Discover) in the United States District Court of the Western District of Pennsylvania at Case No. 2:12-cv-00480-CB ("PA Federal Court Declaratory Judgment Action"), wherein AIM again alleged the same breach of contract claim against Genuine Parts which AIM asserted in the Underlying Tort Action. (See Exhibit 10). This Court entered an order staying the PA Federal Court Declaratory Judgment Action pending resolution of the Underlying PA Tort Action and AIM's breach of contract claims. The order specifically states:

> "This case and the parallel state court proceeding involve identical state law issues related to the Vehicle Maintenance Agreement and whether Plaintiff is entitled to a defense and indemnification from Defendant Genuine Parts. Plaintiff argues that this Court nonetheless should assert jurisdiction because Plaintiffs breach of contract claim in this case was not raised in the state court action.' Pl.'s Br. 3 (Doc. 16). Plaintiffs breach of contract claim in this case appears to be a variation of the contractual indemnity cross claim made by Plaintiff in the state court action. Both claims seek identical relief — indemnity pursuant to the Vehicle Maintenance Agreement. See Compl. 9 (Doc. 1) (requesting declaration that: "As a result of breaching the Vehicle Maintenance Agreement, Genuine Parts is ordered to defend and indemnify AIM NationaLease for all claims asserted against AIM NationaLease in Washington County Court of Common Pleas Case No. 2009-10449."); Answer, New Matter and Cross-Claim in State Court Action 9 (Doc.

---

[1]. See Wright, et. al. 18A Fed. Prac. & Proc. Juris. § 4402 (2d. ed.) (explaining that *res judicata* "'treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action[,]'" and that "the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial."

13-1) (asserting that Plaintiff "is entitled to complete indemnification from Co- Defendants, Genuine Parts Company t/d/b/a NAPA Auto Parts and Nicholas P. Jackson pursuant to the Vehicle Maintenance Agreement . . .."). Even if Plaintiff's breach of contract theory were "new," <u>there appears to be no reason why that theory could not be presented to the state court</u>." (emphasis added).

(<u>See</u> Exhibit 11).  This Court furthermore specifically instructed AIM not to come back to this Court with purposed "new" claims and, instead resolve its beach of contact claims in the Underlying Tort Action, <u>which is exactly what occurred</u>.  The Court held:

> The stay of this case is not an invitation for Plaintiff to withhold presenting of issues to the state court, only to later return to this Court with purportedly "new" claims.  Such actions would defeat the stay's purposes of promoting judicial economy by avoiding duplicative litigation and barring Plaintiff's attempt at forum shopping.

(<u>See</u> Exhibit 11, p. 5, fn. 2).

To permit AIM to trudge forward with this identical cross claim would be anathema to the central purpose of the doctrine of *res judicata*—i.e., the avoidance of "piecemeal litigation." The instant matter is a living and breathing example of piecemeal litigation.  Accordingly, the doctrine of *res judicata* dictates that AIM's cross claim in the instant declaratory judgment action should be dismissed as to Genuine Parts Company.

{P1225493.1}

**B.    AIM's Cross Claim Should Be Dismissed Pursuant to the Doctrine of Collateral Estoppel Based on the Final Judgment Entered in the Underlying Tort Action.**

Collateral estoppel, also referred to as issue preclusion, specifically bars re-litigation of an issue that was conclusively determined in a prior adjudication and that was essential to the original judgment. Arlington Indus., Inc. v. Bridgeport Fittings, Inc., 2015 WL 2131626 (3d Cir. May 7, 2015) (citing Witkowski v. Welch, 173 F.3d 192 (3d Cir. 1999)).

The doctrine of collateral estoppel is based upon the policy that "a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise." Dici v. Commonwealth of Pa., 91 F.3d 542 (3d Cir. 1996) (quoting Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991)).

By foreclosing subsequent disputes over issues on which a court has ruled, collateral estoppel promotes fairness and certainty while "'conserving judicial resources . . . and fostering reliance on judicial action by minimizing the possibility of inconsistent verdicts.'" Arlington Indus., 2015 WL 2131626, at *5 (quoting B&B Hardware, Inc. v. Hargis Indus., Inc., 83 U.S.L.W. 4176, 135 S. Ct. 1293 (2015)).

A subsequent action is precluded by the doctrine of collateral estoppel where the following elements are satisfied:

(1)    The issue sought to be precluded is the same as that involved in the prior action;

(2)    the issue is actually litigated;

(3)    it was determined by a final and valid judgment; and

(4)    the determination was essential to the prior judgment.

Arlington Indus., 2015 WL 2131626, at *6 (citing Peloro v. United States, 488 F.3d 163 (3d Cir. 2007)).

Here, as noted above, the parties to the instant declaratory judgment action and the Underlying Tort Action are identical. Additionally, the issues in both actions are the same (i.e., Whether Genuine Parts breached the Motor Vehicle Agreement), the breach of contract issue was actually litigated by way of cross-motions for summary judgment, and final judgment was entered on that claim in the Underlying PA Tort Action. (See Exhibit 9). AIM now brings the very same claim to this court. (See AIM's answer and affirmative defenses to plaintiff's amended complaint for declaratory judgment, counterclaim and crossclaim).

Because AIM's cross claim filed in this action already has been adjudicated, and dismissed, in the prior Underlying Tort Action, AIM is barred from re-litigating the same cause of action here pursuant to the doctrine of collateral estoppel, requiring dismissal of its cross claim.

## V.  CONCLUSION

For the foregoing reasons, Genuine Parts Company t/d/b/a Napa Auto Parts respectfully requests that this Honorable Court enter an order granting its motion to

dismiss and dismiss AIM's cross claim as to Genuine Parts Company t/d/b/a Napa Auto Parts, with prejudice.

Respectfully submitted,

MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C.

By:  /s/ Paul R. Robinson
     PAUL R. ROBINSON, ESQUIRE
     PA I.D. No. 65581
     U.S. Steel Tower, Suite 4850
     600 Grant Street
     Pittsburgh, PA  15219
     (412) 261-6600
     Fax:  (412) 471-2754
     Email:  probinson@mdbbe.com

**PROOF OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been

served upon all parties on the date and in the manner listed below:

| | |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| _____ | Overnight Delivery |
| ___X___ | Electronic Mail / CM/ECF Filing |

at the following address:

Edward A. Smallwood, Esquire
Litchfield Cavo, LLP
420 Fort Duquesne Boulevard, Suite 600
Pittsburgh, PA  15222
smallwood@litchfieldcavo.com
*(Counsel for Discover Property & Casualty Insurance Company)*

Christopher M. Jacobs, Esquire
Dapper, Baldasare, Benson, Behling & Kane, P.C.
Four Gateway Center, 10th Floor
444 Liberty Avenue
Pittsburgh, PA  15222
cjacobs@dapperlaw.com
*(Counsel for AIM Leasing Company d/b/a AIM NationaLease)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date:  December 21, 2015         /s/ Paul R. Robinson_____
                                 PAUL R. ROBINSON, ESQUIRE