IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DISCOVERY PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) | Civil Action No. 15-998 Judge Cathy Bissoon |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| AIM LEASING COMPANY d/b/a AIM NATIONALEASE and GENUINE PARTS COMPANY d/b/a NAPA AUTO PARTS | ) ) ) ) | |
| Defendants. | ) | |

**ANSWER OF PLAINTIFF DISCOVERY PROPERTY & CASUALTY
INSURANCE COMPANY TO MOTION TO DISMISS OF
DEFENDANT GENUINE PARTS COMPANY D/B/A NAPA AUTO PARTS**

COMES NOW Discover Property & Casualty Insurance Company (hereinafter "Discover") plaintiff in the above-styled action and, pursuant to Federal Rule of Civil Procedure 12(b)(6), files this Answer in Opposition to defendant Genuine Parts Company d/b/a NAPA Auto Parts (hereinafter "NAPA") Motion to Dismiss and avers as follows:

1. Denied.  This paragraph consists of conclusions of law to which no response is required, and accordingly, they are denied.  By way of further response, the law does not preclude plaintiff from seeking the declaration it seeks in the instant action, because the issue presented herein was never litigated in any prior proceeding nor could it have been.  Plaintiff incorporates the accompanying Brief in Support of this Answer as though set forth fully herein at length.

2. Admitted.

3. Admitted.

4. Admitted.

5.     Admitted.

6.     Denied as stated. Plaintiff denies defendant's mischaracterization of the relief requested in AIM's complaint in the PA Coverage Action as inaccurate and incomplete. By way of further response, plaintiff incorporates the accompanying Brief in Support of this Answer as though set forth fully herein at length.

7.     Denied as stated. Plaintiff denies defendant's mischaracterizations of plaintiff's cross-motion for summary judgment in the PA Coverage Action as inaccurate and incomplete. The grounds for plaintiff's cross motion for summary judgment in that action are clearly stated in the motion which is attached to defendant NAPA's motion to dismiss as Exhibit 1. By way of further response, plaintiff incorporates the accompanying Brief in Support of this Answer as though set forth fully herein at length.

8.     Denied as stated. Defendant's mischaracterization of the Court's opinion in the Pennsylvania coverage action is denied as incomplete and inaccurate. A copy of Judge DiSalle's order and opinion in the PA Coverage Action is attached as Exhibit 3 to the accompanying Brief is Support of this Answer. By way of further response, plaintiff incorporates the accompanying Brief in Support of this Answer as though set forth fully herein at length.

9.     Denied as stated. AIM has received a final judgment on the merits declaring that it is an additional insured on the Discover Policy for the Underlying Tort Action. By way of further response, plaintiff incorporates the accompanying Brief in Support of this Answer as though set forth fully herein at length.

10.    Denied as stated. AIM instituted a declaratory judgment action against Discover and Genuine Parts in the Western District of Pennsylvania in 2012, but defendant's characterizations of the relief sought in the complaint are denied as inaccurate and incomplete.

By way of further response, plaintiff incorporates the accompanying Brief in Support of this Answer as though set forth fully herein at length.

11. Denied as stated. Discover filed an answer and affirmative defenses in the Pennsylvania Federal Court declaratory judgment action, but defendant's mischaracterizations of that answer are denied as incomplete and inaccurate. By way of further response, plaintiff incorporates the accompanying Brief in Support of this Answer as though set forth fully herein at length.

12. Admitted with clarification. It is admitted that the District Court entered an order staying the PA Federal Court Declaratory Judgment Action. That case has remained stayed as neither AIM nor NAPA ever made any efforts to remove it from that stay. AIM has abandoned that suit.

13. Denied. Defendant's mischaracterizations of the issues the Court was asked to address in the PA State Declaratory Judgment Action are denied as incomplete and inaccurate. To the contrary, the Court in the PA State Declaratory Judgment Action was only asked to determine whether AIM was an additional insured for the Underlying Tort Action pursuant to the "insured contract" provision in the Blanket Additional Endorsement on the Policy. That is the only issue that was raised or decided in the PA State Declaratory Judgment Action. By way of further response, plaintiff incorporates the accompanying Brief in Support of this Answer as though set forth fully herein at length.

14. Denied. Defendant's characterizations of plaintiff's answer and new matter in the PA State Declaratory Judgment Action are denied as inaccurate and incomplete. By way of further response, plaintiff incorporates the accompanying Brief in Support of this Answer as though set forth fully herein at length.

15. Denied. To the contrary, Judge DiSalle declared that AIM was an additional insured under the Blanket Additional Endorsement to the Discover Policy. No court has addressed, or been asked to address, the schedule and order of the indemnity obligations of the respective parties pursuant to the Policy. By way of further response, plaintiff incorporates the accompanying Brief in Support of this Answer as though set forth fully herein at length.

16. Denied. Defendant's characterizations of the court's opinion are denied as incomplete and inaccurate. By way of further response, plaintiff incorporates the accompanying Brief in Support of this Answer as though set forth fully herein at length.

17. Admitted in part and denied in part. It is admitted only that plaintiff initiated the instant declaratory judgment action on September 22, 2014 in the United States District Court for the Northern District of Georgia. Defendant's mischaracterizations of the complaint are denied as incomplete and inaccurate. By way of further response, plaintiff incorporates the accompanying Brief in Support of this Answer as though set forth fully herein at length.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. This paragraph contains no factual averments which require a response.

23. Denied. This paragraph consists of conclusions of law to which no response is required, and accordingly, they are deemed denied. For the reasons set forth in plaintiff's attached Brief in Support of this Answer in Opposition to defendant's Motion to Dismiss, which are incorporated herein as though fully set forth at length, the Court should deny defendant's Motion.

WHEREFORE, plaintiff, Discover Property & Casualty Insurance Company respectfully requests that this Honorable Court enter an order denying defendant, Genuine Parts Company t/d/b/a NAPA Auto Parts' Motion to Dismiss.

                                            **LITCHFIELD CAVO LLP**

By:    */s/Edward A. Smallwood*
            Edward A. Smallwood, Esq, PA ID 80919
            420 Fort Duquesne Boulevard, Suite 600
            One Gateway Center
            Pittsburgh, PA  15222

            Attorney for Plaintiff,
            Discover Property & Casualty
            Insurance Company

Date: <u>January 13, 2016</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DISCOVERY PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>AIM LEASING COMPANY d/b/a AIM NATIONALEASE and GENUINE PARTS COMPANY d/b/a NAPA AUTO PARTS<br><br>　　　　Defendants. | Civil Action No. 15-998<br>Judge Cathy Bissoon |

### CERTIFICATE OF SERVICE

I, Edward A. Smallwood, Esquire, do hereby certify that a true and correct copy of the Response of Plaintiff Discover Property & Casualty Insurance Company to Defendant, Genuine Parts Company's Motion to Dismiss has been served via the Court's ECF system, this 13th day of January, 2016 upon the following counsel of record:

Robert E. Dapper, Jr., Esquire
Christopher M. Jacobs, Esquire
Dapper, Baldasare, Benson, Behling & Kane, P.C.
Four Gateway Center
444 Liberty Avenue, 10th Floor
Pittsburgh, PA  16222
*(Counsel for AIM Nationalease)*

Paul R. Robinson, Esquire
Meyer, Darragh, Buckler, Bebenek & Eck, PLLC
U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA  15219
*(Counsel for Genuine Parts Company, t/d/b/a NAPA Auto Parts)*

　　　　　　　　　　　　　　　　　　/s/Edward A. Smallwood
　　　　　　　　　　　　　　　　　　Edward A. Smallwood, PA ID 80919