IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, | ) Civil Action No. 15-998 <br> ) Judge Cathy Bissoon <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| AIM LEASING COMPANY d/b/a AIM NATIONALEASE and GENUINE PARTS COMPANY d/b/a NAPA AUTO PARTS, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

**BRIEF IN OPPOSITION TO GENUINE PARTS COMPANY'S MOTION TO DISMISS AIM NATIONALEASE'S ALTERNATIVE CROSSCLAIM**

NOW, comes Defendant AIM Leasing Company d/b/a Aim NationaLease ("AIM"), by and through its attorneys, Dapper, Baldasare, Benson, Behling & Kane, P.C., and files a Brief in Opposition to Genuine Parts Company's Motion to Dismiss AIM NationaLease's Alternative Crossclaim.

### I. SUMMARY OF ARGUMENT

AIM's alternative crossclaim asserted against Genuine Parts for breach of contract is not subject to the preclusive doctrines of *res judicata* or collateral estoppel because the alternative crossclaim is predicated on materially changed circumstances that AIM could neither control nor anticipate in 2013, such that the first time that AIM could have asserted its alternative claim on this new basis was within the context of the instant action.

### II. ARGUMENT

Pennsylvania federal courts have recognized a clear exception to the application of *res judicata* and/or collateral estoppel where there are materially changed circumstances that implicate controlling facts which could not have been discovered through the exercise of due

diligence.  See Dinicola v. DiPaolo, 945 F. Supp. 848 (W.D. Pa. 1996); see also Karibjanian v. Chromalloy Pharmaceutical, Inc., 199 WL 34715 (E.D. Pa. Mar. 13, 1991); Scooper Dooper, Inc. v. Kraftco Corp., 494 F.2d 840 (3d Cir. 1974).

In the Underlying Tort Action, AIM moved for summary judgment against Genuine Parts in 2013 for breach of contract under the parties' Vehicle Maintenance Agreement ("VMA") for failure to name AIM as an additional insured under the Discover policy and premised on Discover's September 22, 2011 denial of coverage to AIM as an additional insured with respect to the underlying motor vehicle accident.  (See  Genuine Parts' Motion at Ex. 2 [Doc. No. 52-10 at pp. 7-10 of 51; Ex. 3 [Doc. No. 52-12 at pp. 8-12 of 25.])  Discover's 2011 denial stated that no coverage was available to AIM because Genuine Parts did not contractually agree in the VMA to be responsible for the damages alleged against AIM in the Underlying Tort Action.  (See Genuine Parts' Motion at Ex. 2 [Doc. No. 52-11 at pp. 24-25 of 40].)  AIM argued in its summary judgment papers that Genuine Parts failed to provide appropriate coverage because the insurance to be procured was to apply to AIM's maintenance of the Genuine Parts vehicle and Discover took a "no coverage" position relative to AIM.  (See Genuine Parts' Motion at Ex. 2 [Doc. No. 52-10 at pp. 7-10 of 51; Ex. 3 [Doc. No. 52-12 at pp. 8-12 of 25.])

On June 25, 2013, the court in the Underlying Tort Action granted summary judgment in favor of Genuine Parts on its cross-motion and stated that "[t]hus, AIM NationaLease's claims against Genuine Parts Company are dismissed."  (See Genuine Parts' Motion at Ex. 9 [Doc. No. 52-21 at p. 2 of 2.])  The court in the Underlying Tort Action did not issue a separate opinion or writing in issuing its ruling.

The 2013 summary judgment filings and court order regarding the same in the Underlying Tort Action preceded AIM's successful declaratory judgment in June 2014 in the PA

Coverage Action which found that Discover had a coverage obligation to AIM as an additional insured with respect to the subject accident. (See Discover's Am. Compl. for Declaratory Judgment at Ex. B [Doc. No. 38.])

Discover did not raise the SFR Endorsement as a basis for its denial to AIM in 2011 or in relation to its coverage position asserted in the 2014 PA Coverage Action. (See Genuine Parts' Motion at Ex. 2 [Doc. No. 52-11 at pp. 24-25 of 40; Discover's Am. Compl. for Declaratory Judgment at Ex. B [Doc. No. 38.].)[1] As such, insofar as the SFR issue in this matter is deemed: (1) not waived by Discover, (2) inapplicable to Genuine Parts, and (3) applicable to AIM, then these narrow circumstances will serve as a new basis—predicated on materially changed circumstances—for finding that Genuine Parts breached the VMA for failure to procure adequate insurance.

Because AIM could neither control nor anticipate in 2013 that Discover would argue that the SFR Endorsement contained in the Discover policy issued to Genuine Parts may apply to AIM, the instant declaratory judgment action—where Discover raised the SFR argument as to AIM for the first time—is also the first time that AIM could have asserted its alternative crossclaim against Genuine Parts on this new basis.[2]

Accordingly, AIM cannot be precluded from preserving an alternative argument premised on materially different circumstances that did not exist several years ago such that the issues raised in relation thereto were not previously adjudicated. AIM's alternative cross-claim

---

[1] Genuine Parts is well aware of this fact as this is the crux of Genuine Parts' Rule 12 Motion to Dismiss relative to Discover's Amended Complaint for Declaratory Judgment in this action.

[2] As such, AIM's alternative cross-claim asserted against Genuine Parts is not an "afterthought" on the part of AIM that AIM could have previously asserted in the 2014 PA Coverage Action. AIM's assertion of the alternative cross-claim under the new circumstances presented in the instant action is certainly not a matter of AIM withholding a previously existing position until now and is therefore not contrary to the Court's statement in the 2012 PA Federal Court Declaratory Judgment Action, as incorrectly suggested by Genuine Parts. (See Genuine Parts' Brief at 9.)

is permissible under Rule 13(g) because it arises out of the same transaction or occurrence upon which Discover's Amended Complaint for Declaratory Judgment is based—that is, Discover's argument concerning the application of the SFR Endorsement as to AIM, which was raised for the first time in the instant litigation.

### III.     CONCLUSION

For the foregoing reasons, AIM NationaLease respectfully requests that this Honorable Court enter an Order denying Genuine Parts' motion to dismiss its alternative crossclaim.

        Respectfully submitted,

        BURNS WHITE LLC

        By /s/  Christopher M. Jacobs
            Christopher M. Jacobs
            PA ID #89092
            Four Northshore Center
            106 Isabella Street
            Pittsburgh, PA  15212

            Attorneys for AIM Leasing Company d/b/a
            AIM NationaLease

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 8th day of February, 2016, the within **BRIEF IN OPPOSITION TO GENUINE PARTS COMPANY'S MOTION TO DISMISS AIM NATIONALEASE'S ALTERNATIVE CROSSCLAIM** was filed electronically. Notice of this filing will be sent to all Parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Christopher M. Jacobs