IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. 15-998 |
| v. | )<br>) Judge Cathy Bissoon |
| AIM LEASING COMPANY *d/b/a* AIM NATIONALEASE and GENUINE PARTS COMPANY *d/b/a* NAPA AUTO PARTS, | )<br>)<br>)<br>) |
| Defendants. | |

**MEMORANDUM AND ORDER**

**I.     MEMORANDUM**

Pending before the Court are three motions: Genuine Parts Company's ("Genuine Parts" or "Genuine") Motion to Dismiss Discover Property & Casualty Insurance Company's ("Discover Property" or "Discover") Complaint (Doc. 40); Genuine Parts's Motion to Dismiss AIM Leasing Company's ("AIM's") Cross Claim (Doc. 52); and Genuine Parts's Motion to Dismiss Discover's cross claim (Doc. 57). For the reasons stated herein, the Court will deny Genuine Parts's motions to dismiss (Docs. 40 and 52) without prejudice, and the Court will reserve ruling on the remaining motion (Doc. 57).

**BACKGROUND**

We write principally for the parties, who are familiar with the factual context and extensive legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

**A. Previous Actions**

On November 24, 2009, Cynthia L. Walters filed suit in the Court of Common Pleas of Washington County, Pennsylvania, against Genuine Parts and a named employee, alleging

1

damages from an automobile accident that resulted in the death of her husband (the "underlying tort action"). (See Am. Compl. (Doc. 38), ¶¶ 7-8, 12, 14-17, Ex. C). Ms. Walters alleged that one of Defendant Genuine's trucks collided with her late husband's car, resulting in his death. (Am. Compl. at ¶ 7). Defendant Genuine Parts filed a Complaint to Join Defendant AIM – who provided maintenance work on Genuine's trucks – as an additional defendant. (Id. at ¶ 8). On October 25, 2010, Genuine Parts settled and obtained a release of all claims from Ms. Walters in exchange for a payment of $1,050,000. (Id. at ¶ 12). Genuine Parts's third-party claims against AIM remained pending. (Id.). Plaintiff Discover Property was not a party to that suit.

Plaintiff Discover Property is an insurer of Genuine Parts pursuant to Policy No. D004A00341 (the "Policy"). (Id. at ¶ 11). After Genuine Parts and Ms. Walters settled their claims, but while the third party claims remained pending, AIM filed a federal declaratory judgment action against Discover Property in this Court, seeking declaration of AIM's status as an "additional insured" and entitlement to defense and indemnity, in connection with the underlying tort action, under the Policy and Vehicle Maintenance Agreement ("VMA") between Genuine Parts and AIM. (Id. at ¶ 13; No. 2:12-cv-00480 (W.D. Pa.) Doc. 1). The Court found that the federal declaratory judgment action and the underlying tort action involved "identical state law issues," and, therefore, declined to exercise jurisdiction over the declaratory action in "recognition of a general policy of restraint when the same issues are pending in a state court and avoidance of duplicative litigation." (No. 2:12-cv-00480 (W.D. Pa.) at Doc. 21 (internal citations omitted)). The Court noted that Discover Property was not a party to the underlying state tort action, but observed that there was "no reason why Defendant Discover could not be joined in the state court action." (No. 2:12-cv-00480 (W.D. Pa.) at Doc. 21). On July 31, 2012, the Court

stayed the federal declaratory judgment action pending resolution of the underlying state tort action.

While the underlying state tort action remained pending as against AIM, AIM filed a declaratory judgment action (the "state declaratory action") against Genuine Parts and Discover Property in the Court of Common Pleas of Washington County, again seeking declaration that Discover Property is bound to defend and indemnify AIM, as it relates to the underlying tort action, under the Policy and VMA between Genuine Parts and AIM. (Court of Common Pleas of Washington County, Civil Division, No. 2012-7079, Compl. in Action for Decl. J.).

In July of 2014, a jury in the underlying tort action found "AIM 100% liable for the damages sustained by the Walters Estate." (Am. Compl. at ¶ 14; AIM Answer (Doc. 43) at ¶ 14). The state declaratory action was pending at that time. After the filing of cross motions for summary judgment by Discover Property and AIM respectively, the Court of Common Pleas of Washington County entered an Opinion and Order granting AIM's motion for summary judgment and denying that of Discover Property. (Am. Compl. at Ex. B). The Washington County court found that Discover Property owed AIM a duty of coverage. (Id.). In August of 2015, the Court of Common Pleas of Washington County entered an Order regarding the final judgment, fees, costs and expenses. (Id. at Ex. C).

Discover Property brought the instant two-count declaratory judgment action in the Northern District of Georgia, which was subsequently transferred to this Court. (Op. and Order Transferring this action to the U.S. District Ct. for the W.D. Pa. (Doc. 25)). Discover Property concedes that AIM has been determined to be an "additional insured" by the Court of Common Pleas of Washington County, but seeks declaration by this Court that: 1) "Discover Property has no obligation to provide indemnity or any payment to AIM or [Genuine Parts] under the Policy";

2) Genuine Parts "is required to indemnify Discover Property from and against any and all liability, damages, fines, penalties, assessments, costs and expenses (including reasonable attorney fees) arising out of payments made by Discover Property in connection with the judgment entered against AIM in favor of [Genuine Parts]. . . .[and that] Discover Property has no obligation to provide indemnity or any payment to AIM or [Genuine Parts] under the Policy." (Am. Compl. at ¶¶ 36, 39).

AIM has filed three counterclaims against Discover Property – for breach of contract, statutory bad faith and common law bad faith – and a crossclaim against Genuine Parts. (Answer and Affirmative Defenses to Pl.'s Am. Compl. for Decl. J. Countercl. and Cross-cl. (Doc. 43)). The crossclaim against Genuine Parts sounds in breach of contract – specifically, breach of the VMA. (Id.). Discover Property has additionally filed a crossclaim against Genuine Parts, seeking "indemnity for all sums paid, including legal fees and interest thereon, from Genuine Parts . . . pursuant to the self-funded retention of the Discover Policy and Indemnity Agreement," in the event that judgment is entered in favor of AIM and against Discover Property "on any cause of action asserted in the counterclaim[s] of AIM." (Discover Property & Casualty Insurance Company's Answer to Counterclaim of Defendant AIM Leasing Company d/b/a/ AIM Nationalease and Crossclaim against Genuine Parts Company (Doc. 56)).

Genuine Parts has filed three motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). It moves to dismiss: the two counts in the Amended Complaint (Doc. 40); AIM's single crossclaim (Doc. 52); and Discover Property's remaining crossclaim (Doc. 57). Discover Property has not moved to dismiss AIM's three counterclaims. (Doc. 43). For the reasons stated below, Genuine Parts's motions to dismiss (Docs. 40 and 52) will be denied without prejudice, and the Court will reserve ruling on the remaining motion (Doc. 57).

## ANALYSIS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When faced with a motion to dismiss, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Although courts rely primarily on the complaint and attached exhibits when considering motions to dismiss, it is also permissible to consider documents and matters of public record. See Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007); see also Tyler v. O'Neill, 52 F.Supp.2d 471 (E.D. Pa 1999) ("Of course, in resolving a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account") (citing Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

Genuine Parts moves to dismiss both the Amended Complaint and AIM's crossclaim based on the doctrine of res judicata, or claim preclusion. (Docs. 40-1, 52-3). Although res judicata is an affirmative defense, it may be raised in motion to dismiss pursuant to Rule 12(b)(6). Ggnsc Altoona Hillview LP v. Martz, 2016 WL 502089 (W.D. Pa. Feb. 8, 2016) (citing Tyler v. O'Neill, 52 F.Supp.2d 471, 473-74 (E.D. Pa. 1999) *aff'd sub nom*. Tyler v. O'Neil, 225 F.3d 650 (3d Cir. 2000) (citing Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997); Mack v. Municipality of Penn Hills, 547 F.Supp. 863, 868, n. 9 (W.D. Pa. 1982))).

With respect to its motions to dismiss based on res judicata, Genuine Parts sets forth the legal standard rooted in federal common law doctrine. (Docs. 41, 53). In its response to

Genuine's motion, Discover Property does the same. (Doc. 55). Although AIM declines to cite much, if any, law in its response to Genuine's motion to dismiss its crossclaims, AIM does not counter Genuine's representation of the federal doctrine. (Docs. 60-1).

Through independent research, it has come to the Court's attention that the applicable doctrine here is one of state, not federal, law. Federal courts are required to give state court judgments the same full faith and credit to which they would be entitled under state law. 28 U.S.C. § 1738; Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005); In re Graves, 33 F.3d 242, 247 (3d Cir. 1994). While federal common law has developed its own set of preclusion principles, if the decision allegedly precluding a later action was issued by a state court, then the federal courts must apply the preclusion principles developed by that state. Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 548 (3d Cir. 2006) (citing Lance v. Dennis, 546 U.S. 459 (2006) ("Congress has directed federal courts to look principally to state law in deciding what effect to give state-court judgments.")); see Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988).

Pennsylvania's doctrine of res judicata does not sufficiently mirror the federal common law so as to obviate the need for briefing on this issue from all parties involved. "The doctrine of res judicata will preclude an action where the former and latter suits possess the following common elements: (1) identity of issues; (2) identity in the cause of action; (3) identity of persons and parties to the action; and (4) identity of the capacity of the parties suing or being sued." Daley v. A.W. Chesterton, Inc., 37 A.3d 1175, 1189-90 (2012).

The Court believes that the preclusive effect of the state court's judgment is a threshold issue. Due to the dearth of briefing and argument on the application of Pennsylvania's res judicata doctrine, Genuine Parts's Motions to Dismiss (Docs. 40 and 52) will be denied without

prejudice to refiling and briefing in light of the applicable legal standard. Any alternative arguments made in those motions, not yet addressed by the Court, may be included in that refiling.

The Court will reserve ruling on the remaining motion to dismiss that does not rely directly on arguments of claim preclusion (Doc. 57), as a determination on the remaining claims may affect that determination, rendering a current ruling on said motion premature.

## II. ORDER

For the reasons stated above, the Court hereby ORDERS that Defendant Genuine Parts Company's Motions to Dismiss (Docs. 40 and 52) are DENIED without prejudice.

IT IS FURTHER ORDERED that if it so desires, Defendant Genuine Parts may file a subsequent motion to dismiss, including briefing on the Pennsylvania state law standard regarding claim preclusion and any alternative arguments not yet addressed by the Court, no later than **June 21, 2016.** Any response to said motion(s) may be filed no later than **July 5, 2016.**

IT IS SO ORDERED.

s/Cathy Bissoon<br>
Cathy Bissoon<br>
United States District Judge

June 7, 2016

cc (via e-mail):

All counsel of record.