# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 15-998 ) ) Judge Cathy Bissoon |
| AIM LEASING COMPANY *d/b/a* AIM NATIONALEASE and GENUINE PARTS COMPANY *d/b/a* NAPA AUTO PARTS, | ) ) ) ) |
| Defendants. | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court are three motions: Genuine Parts Company's ("Genuine Parts" or "Genuine") Amended Motion to Dismiss Discover Property & Casualty Insurance Company's ("Discover Property" or "Discover") Amended Complaint (Doc. 69); Genuine Parts Company's Amended Motion to Dismiss AIM Leasing Company's ("AIM's") Cross-Claim (Doc. 72); and Genuine Parts Company's Motion to Dismiss Discover's cross-claim (Doc. 57). For the reasons stated herein, the Court will grant Genuine's Motions to Dismiss Cross-Claims (Docs. 57, 72) and grant in part and deny in part Genuine's Motion to Dismiss the Amended Complaint (Doc. 69).

### BACKGROUND

We write principally for the parties, who are familiar with the factual context and extensive legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

1

A. **Previous Actions**

On November 24, 2009, Cynthia L. Walters filed suit in the Court of Common Pleas of Washington County, Pennsylvania, against Genuine Parts and a named employee, alleging damages from an automobile accident that resulted in the death of her husband (the "underlying tort action"). (See Am. Compl. (Doc. 38), ¶¶ 7-8, 12, 14-17, Ex. C). Ms. Walters alleged that one of Defendant Genuine's trucks collided with her late husband's car, resulting in his death. (Am. Compl. at ¶ 7). Defendant Genuine Parts filed a Complaint to Join Defendant AIM – who provided maintenance work on Genuine's trucks – as an additional defendant. (Id. at ¶ 8). On October 25, 2010, Genuine Parts settled and obtained a release of all claims from Ms. Walters in exchange for a payment of $1,050,000. (Id. at ¶ 12). Genuine Parts's third-party claims against AIM remained pending. (Id.). Plaintiff Discover Property was not a party to that suit.

Plaintiff Discover Property is an insurer of Genuine Parts pursuant to Policy No. D004A00341 (the "Policy"). (Id. at ¶ 11). After Genuine Parts and Ms. Walters settled their claims, but while the third party claims remained pending, AIM filed a federal declaratory judgment action against Discover Property and Genuine Parts in this Court. (Id. at ¶ 13; No. 2:12-cv-00480 (W.D.Pa.) Doc. 1). AIM sought declaration that, *inter alia*: Genuine Parts and Discover Property were "bound to defend and indemnify AIM" pursuant to the language of the Policy and Vehicle Maintenance Agreement ("VMA") between Genuine Parts and AIM; and should AIM be found liable in the underlying tort action, that Genuine Parts and Discover Property shall defend and indemnify it pursuant to the Policy and the VMA. (No. 2:12-cv-00480 (W.D.Pa.) Doc. 1 at 10-11). The Court found that the federal declaratory judgment action and the underlying tort action involved "identical state law issues," and, therefore, declined to exercise jurisdiction over the declaratory action in "recognition of a general policy of restraint when the same issues are pending in a state court and avoidance of duplicative litigation." (No.

2

2:12-cv-00480 (W.D.Pa.) at Doc. 21 (internal citations omitted)). The Court noted that Discover Property was not a party to the underlying state tort action, but observed that there was "no reason why Defendant Discover could not be joined in the state court action." (No. 2:12-cv-00480 (W.D.Pa.) at Doc. 21). On July 31, 2012, the Court stayed the federal declaratory judgment action pending resolution of the underlying state tort action. (Id.)

Also in 2012, while the underlying state tort action remained pending as against AIM, AIM filed a declaratory judgment action (the "state declaratory action") against Genuine Parts and Discover Property in the Court of Common Pleas of Washington County, again seeking declaration that Discover Property "is bound to defend and indemnify AIM" pursuant to the Policy and the VMA, as it relates to the underlying tort action. (Court of Common Pleas of Washington County, Civil Division, No. 2012-7089, Compl. in Action for Decl. J. (Doc. 69 at Ex. 6)). On June 19, 2014, the Court of Common Pleas of Washington County entered an Opinion and Order in the state declaratory action granting AIM's motion for summary judgment and denying that of Discover Property.[1] (Am. Compl. at Ex. B). The Washington County court found that Discover Property owed AIM a duty of coverage. (Id.). In July of 2014, a jury in the underlying tort action found "AIM 100% liable for the damages sustained by the Walters Estate." (Am. Compl. at ¶ 14; AIM Answer (Doc. 43) at ¶ 14).

Discover Property brought the instant two-count declaratory judgment action in the Northern District of Georgia, which was subsequently transferred to this Court. (Op. and Order Transferring this action to the U.S. District Ct. for the W.D. Pa. (Doc. 25)). Discover Property concedes that AIM has been determined to be an "additional insured" by the Court of Common Pleas of Washington County, but seeks declaration by this Court that: 1) "Discover Property has

---

[1] Discover Property and AIM filed cross motions for summary judgment.

no obligation to provide indemnity or any payment to AIM or [Genuine Parts] under the Policy"; and 2) Genuine Parts "is required to indemnify Discover Property from and against any and all liability, damages, fines, penalties, assessments, costs and expenses (including reasonable attorney fees) arising out of payments made by Discover Property in connection with the judgment entered against AIM in favor of" Genuine Parts. (Am. Compl. at ¶¶ 36, 39).

AIM has filed three counterclaims against Discover Property – for breach of contract, statutory bad faith and common law bad faith – and a cross-claim against Genuine Parts. (Answer and Affirmative Defenses to Pl.'s Am. Compl. for Decl. J. Countercl. and Cross-cl. (Doc. 43)). The cross-claim against Genuine Parts sounds in breach of contract – specifically, breach of the VMA. (Id.). Discover Property has additionally filed a cross-claim against Genuine Parts, seeking "indemnity for all sums paid, including legal fees and interest thereon, from Genuine Parts . . . pursuant to the self-funded retention of the Discover Policy and Indemnity Agreement," in the event that judgment is entered in favor of AIM and against Discover Property "on any cause of action asserted in the counterclaim[s] of AIM." (Discover Property & Casualty Insurance Company's Answer to Counterclaim of Defendant AIM Leasing Company d/b/a/ AIM Nationalease and Crossclaim against Genuine Parts Company (Doc. 56)).

Genuine Parts has filed three motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). It moves to dismiss: the two counts in the Amended Complaint (Doc. 69); AIM's single cross-claim (Doc. 72); and Discover Property's remaining cross-claim (Doc. 57). Discover Property has not moved to dismiss AIM's three counterclaims. (Doc. 43).

**ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

When faced with a motion to dismiss, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Although courts rely primarily on the complaint and attached exhibits when considering motions to dismiss, it is also permissible to consider documents and matters of public record. See Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007); see also Tyler v. O'Neill, 52 F.Supp.2d 471 (E.D. Pa 1999) ("Of course, in resolving a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account") (citing Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

Genuine Parts moves to dismiss both the Amended Complaint and AIM's cross-claim based on the doctrine of res judicata, or claim preclusion. (Docs. 69-70, 72-73). Although res judicata is an affirmative defense, it may be raised in motion to dismiss pursuant to Rule 12(b)(6). Ggnsc Altoona Hillview LP v. Martz, 2016 WL 502089 (W.D. Pa. Feb. 8, 2016) (citing Tyler v. O'Neill, 52 F.Supp.2d 471, 473-74 (E.D. Pa. 1999) *aff'd sub nom*. Tyler v. O'Neil, 225 F.3d 650 (3d Cir. 2000) (citing Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997); Mack v. Municipality of Penn Hills, 547 F.Supp. 863, 868, n. 9 (W.D. Pa. 1982))).

"[C]laim preclusion extends not only to those claims actually asserted in a previous action, but also to all those claims which *could have been asserted*." R & J Holding Co. v. Redevelopment Auth. of Cty. of Montgomery, 670 F.3d 420, 427 (3d Cir. 2011) (emphasis added). "Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." Balent v. City

of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995) (citing Allen v. McCurry, 449 U.S. 90 (1980). Pennsylvania's doctrine of res judicata "will preclude an action where the former and latter suits possess the following common elements: (1) identity of issues; (2) identity in the cause of action; (3) identity of persons and parties to the action; and (4) identity of the capacity of the parties suing or being sued." Daley v. A.W. Chesterton, Inc., 37 A.3d 1175, 1189-90 (Pa. 2012). The Court finds that there are identity of persons and parties to the action and identity of the capacity of the parties suing or being sued, as between the state declaratory action and the instant case. Prongs one and two are disputed.

The Court first addresses Count I of the Amended Complaint, seeking declaration that "Discover Property has no obligation to provide indemnity or any payment" to AIM or Genuine Parts under the Policy. (Am. Compl. at ¶ 36). In the state declaratory action, AIM sought declaration that Discover Property "is bound to defend and indemnify AIM" pursuant to the Policy and the VMA, as it relates to the underlying tort action. (Doc. 69 at Ex. 6, Compl. in Action for Decl. J.). Discover Property argues that there is an absence of identity of issues and identity in the cause of action because the state declaratory action "dealt solely with whether AIM was an additional insured under the Discovery Policy" with respect to the underlying tort action. (Doc. 82 at 6). This argument is not persuasive.

Discover Property is conflating claim preclusion and issue preclusion. Under the doctrine of res judicata, it is not essential that the precise arguments were previously presented in the former proceedings. The doctrine "'bars the relitigation of issues raised, as well as arguments which might have been raised.' The 'true test by which we are to ascertain whether a final determination in a former action is a bar, or not, to subsequent action, is whether the evidence to support both is the same.'" Mintz v. Carlton House Partners, Ltd., 595 A.2d 1240,

6

1246 (Pa. Super. Ct. 1991) (quoting <u>Noetzel v. Glasgow, Inc.</u>, 487 A.2d 1372, 1376 (1985), *cert. denied*, 475 U.S. 1109 (1986); <u>MaGee v. Grange Nat. Bank of Wyoming County</u>, 27 A.2d 488, 489 (Pa. Super. Ct. 1942)).

The Court finds that state declaratory action and the Count I of the instant case, as alleged against AIM, are premised on the same set of facts and share a cause of action. AIM brought that suit in search of a declaration that Discover Property was bound to defend and indemnify it, in light of the underlying tort action. Count I in the instant case, as stated against AIM, seeks a determination that Discover has no such obligation. Further, Discover Property, in its Answer and New Matter to the Complaint in the state declaratory action, specifically sought a declaration that it "does not owe a duty to defend or indemnify AIM" against the allegations asserted in the underlying tort action. (Doc. 69 at Ex. 7, Defendant, Discover Property & Casualty Insurance Company's Answer and New Matter). This very issue was litigated before the Pennsylvania courts, based on identical evidence, and thus Discover Property is barred from relitigating it before this Court. Plaintiff's insistence that its current arguments are novel is unavailing. Discover should have presented all arguments to counter AIM's pursuit of defense and indemnity before the Court of Common Pleas of Washington County; its failure to do so does not entitle it to a second bite at the apple.

Discover insists that it could not have sought declaration of the absence of duty to indemnify during the previous case, as that issue was not "ripe." This argument is equally unpersuasive. The Court strains to comprehend the contention that the issue of indemnity was not ripe at the time that AIM initiated a declaratory action *for indemnity* in state court. Discover argues that, prior to a final determination of liability on the part of AIM, any request by Discover relating to indemnity of AIM would have been premature. Plaintiff's argument, however, would

7

have rendered AIM's entire suit premature, which is contravened by the fact that it proceeded to full resolution.² All parties knew the possibility of a determination of AIM's liability in tort. That very knowledge spurred the initiation of the state declaratory action in the first place. That same knowledge put Plaintiff on notice of an obligation to fully litigate any and all claims and defenses at that time.

Discover wants the Court to construe the state declaratory action as one solely seeking declaration that AIM was an "additional insured" under the Policy and the VMA. However, there is a distinction between Discover's arguments in that case, and the action itself. AIM did not seek such narrow relief. To the contrary, AIM sought declaration of entitlement to defense and indemnity. (Doc. 69 at Ex. 6). It was Discover Property that opted to defend the case narrowly, arguing that AIM was not so entitled because there was no "insured contract," as required under the Policy. (Doc. 69 at Ex. 4, Answer of Discover Property & Casualty Insurance Company to Mot. for Summ. J. of AIM NationaLease and Cross Mot. for Summ. J. of Discover

---

² Although it tries, Plaintiff has not demonstrated that the Court of Common Pleas of Washington County granted summary judgment in favor of AIM in connection with issues that were not yet ripe, depriving it of subject matter jurisdiction and thus rendering its holding irrelevant for purposes of re judicata. There is a distinction between determining indemnity for a specific amount, and for determining indemnity generally:

> The question before a court in a declaratory judgment action is not whether the insurer owes indemnification in a specific amount, which would be a premature inquiry absent a full resolution of the underlying action. Instead, the question is whether the insurer has a duty to indemnify the insured *in the event of* liability in the underlying action. A court can answer such a question because it is within the scope of a court's power pursuant to the Declaratory Judgments Act. 42 Pa.C.S. § 7532 (courts have the power to declare rights, status and other legal relations whether or not further relief is or could be requested).

Gen. Acc. Ins. Co. of Am. v. Allen, 692 A.2d 1089, 1095–96 (Pa. 1997). It is true that the parties lacked full information about the existence or depth of AIM's liability during the state declaratory action. (Doc. 82 at 7-8). However, this is why the issue of defense and indemnity was litigated generally, and not in specific terms. Discover is not entitled to return to a distinct forum, years later, to seek the opposite general declarations.

8

Property & Casualty Insurance Company)). The state declaratory action was not the circumscribed one painted by Plaintiff in its briefing, and those proceedings bar Count I of Plaintiff's Amended Complaint, as stated against AIM, pursuant to the doctrine of res judicata. Count I as asserted against AIM will be dismissed.[3]

As noted above, Genuine Parts moves to dismiss AIM's cross-claim against it, which sounds in breach of contract, also pursuant to the doctrine of res judicata. (Docs. 43, 72). On October 9, 2012, in the underlying tort action, AIM filed an Amended Answer, New Matter, Counterclaim and Cross-Claim (Doc. 74 at Ex. 1), asserting a breach of contract claim against Genuine Parts. AIM sought declaration that: 1) Genuine Parts breached the VMA by failing to name AIM as an "additional insured" and by denying that AIM was an "additional insured"; and 2) that Genuine Parts is ordered to defend and indemnify AIM for all claims asserted in the underlying tort action. (Id.). In the present case, AIM seeks an "Order of Court directing" Genuine Parts "to pay the costs and expenses in connection with the defense of AIM in the" underlying tort action; and "an Order of Court directing" Genuine Parts to "pay the judgment entered against AIM in the" underlying tort action." (Doc. 43 at 93).

AIM argues that its cross-claim is not barred, as Discover Property's instant pursuit of a declaration that it does not owe AIM a duty to defend or indemnify pursuant to the SFR clause in the Policy constitutes a materially changed circumstance. (Doc. 80 at 2, citing Hoskins Taxi Service, Inc. v. Pa. Public Utility Com'n, 486 A.2d 1030 (Pa. Commw. Ct. 1985)). As the Court will dismiss Count I of the Amended Complaint as stated against AIM, which seeks said declaration, there is no need to determine whether that count constitutes a material change in circumstance. Without a pending declaratory judgment count pertaining to AIM, AIM's

---

[3] The Court analyzes Count I as stated against Genuine Parts *infra*.

arguments are rendered moot, and any claim for breach of contract without changed circumstances is barred by res judicata. AIM's cross-claim against Genuine Parts for breach of contract will be dismissed.

In Count I as stated against Genuine Parts, and Count II, Plaintiff seeks declaration that it has no obligation to indemnify Genuine Parts, and that Genuine Parts is bound to indemnify it from myriad costs in connection with the judgment entered against AIM under the Policy and an Indemnity Agreement executed by Plaintiff and Genuine Parts on September 1, 2002, with an addendum executed on September 10, 2009 (the "Indemnity Agreement"). (Am. Compl. at ¶¶ 24, 32-39, Ex. D). Genuine Parts argues that these Counts are barred by the doctrines of res judicata, collateral estoppel, and waiver of defenses.

Discover Property and Genuine Parts were not adversaries in the state declaratory action – they were both defendants. It is true that Discover could have sought declaration of its absence of indemnity obligation against Genuine, and of Genuine Parts's indemnity obligation to it, in the form of cross-claims. In Pennsylvania, however, cross-claims are permissive. Pa.R.C.P. 1031.1. If the Court were to hold that res judicata, collateral estoppel or waiver of defenses, barred the later litigation of a cross-claim, that claim would be rendered compulsory, in contravention of Pennsylvania's Rules of Civil Procedure. See, e.g., Whittaker v. Schreiner, 570 P.2d 299 (Mont. 1977) ("Unlike counterclaims, cross-claims are always permissive, so that party who decides not to bring cross-claim will not be barred by res judicata, waiver, or estoppel from asserting it in later action as would be the case if claim were compulsory counterclaim."); Ingersoll-Rand Co. v. Valero Energy Corp., 997 S.W.2d 203 (Tex. 1999), *on reh'g in part*, (Aug. 26, 1999) ("Res judicata does not bar a former defendant who asserted no affirmative claim for relief in an earlier action from stating a claim in a later action that could have been filed as a cross-claim or

counterclaim in the earlier action, unless the claim was compulsory in the earlier action.").[4]

Genuine Parts has not met its burden of demonstrating that Discover's would-be cross-claims against it in the state declaratory action would have been compulsory.

The Court notes that the gravamen of Genuine's argument is that Plaintiff was obligated to file all affirmative defenses in the state declaratory action, or face waiver of said defenses. (Doc. 71 at 15). However, Genuine has provided the Court with no authority establishing that one defendant's potential – albeit clearly related – claims against another defendant constitute "affirmative defenses." Discover was not obligated to file any Answer with respect to Genuine in the state declaratory action, as Genuine filed no cross-claims. Therefore, Count I as stated against Genuine Parts, and Count II, will not be dismissed.

AIM filed counterclaims against Plaintiff that Plaintiff has not moved to dismiss. Plaintiff has filed a cross-claim against Genuine Parts, seeking indemnity "should judgment be entered in favor of AIM and against Discover on any cause of action asserted in the counterclaim of AIM." (Doc. 56 at 4). The entirety of Discover's cross-claim is:

> Discover incorporates herein by reference its complaint for declaratory judgment and the answer herein. Should judgment be entered in favor of AIM and against Discover on any cause of action asserted in the counterclaim of AIM, Discover demands indemnity for all sums paid, including legal fees and interest thereon, from Genuine Parts Company d/b/a Napa Auto Parts pursuant to the self-funded retention of the Discover Policy and the Indemnity Agreement. WHEREFORE, Discover Property & Casualty Insurance Company requests judgment be entered in its favor together with costs.

(Doc. 56 at 3-4). Genuine Parts moves to dismiss Discover's cross-claim as lacking "*any* supporting facts, or law." (Docs. 57, 58 at 4).

The Court of Appeals for the Third Circuit has held that:

---

[4] Equally, had Genuine Parts truly desired to settle the issue of indemnity between itself and Discover Property at an earlier date, it could have filed a cross-claim against Discover Property in the state declaratory action. It chose not to do so.

> To determine the sufficiency of a complaint under the pleading regime established by [Iqbal and Twombly], a court must take three steps: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Tp., 629 F.3d 121 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950). The Federal Rules of Civil Procedure requires "a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Twombly, 550 U.S. at 555, n. 3 (citing 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it")).

Discover argues that the Amended Complaint suffices to establish a factual basis for the cross-claim filed at Document 56. The Court disagrees. The factual allegations in the complaint pertain to Discover's claim that it is entitled to indemnity from Genuine Parts "arising out of payments made by Discover Property in connection with the judgment entered against AIM in favor of" Genuine Parts. (Am. Compl. at ¶ 39). Plaintiff's cross-claim, although also sounding in indemnity, is a distinct legal claim, presumably with a distinct factual basis. The cross-claim fails to meet the notice pleading standard set forth in Rule 8, and constitutes exactly the kind of "bare averment that [Plaintiff] wants relief and is entitled to it" that is impermissible under the governing standard. Twombly, 550 U.S. at 555, n. 3. Discover's cross-claim against Genuine Parts will be dismissed.

## II. ORDER

For the reasons stated above, Genuine Parts's Motion to Dismiss Discover Property's Cross-Claim (**Doc. 57**) is GRANTED; Genuine Parts's Amended Motion to Dismiss Discover's Amended Complaint (**Doc. 69**) is GRANTED IN PART and DENIED IN PART; and Genuine Parts's Amended Motion to Dismiss AIM's Cross-Claim (**Doc. 72**) is GRANTED.

Consistent with the foregoing, the following claims are hereby **DISMISSED WITH PREJUDICE:** Count I of the Amended Complaint as asserted against AIM; and AIM's cross-claim against Genuine Parts for breach of contract (Doc. 43). The following claim is hereby **DISMISSED WITHOUT PREJUDICE**: Discover Property's cross-claim against Genuine Parts for indemnity (**Doc. 56**). Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, **Plaintiff may file an amended pleading of its cross-claim as a matter of course on or before August 15, 2016, consistent with the principles discussed herein and the mandates of Rule 11. Failure to file an amended complaint by this date will result in these claims being dismissed with prejudice.**

IT IS SO ORDERED.

    s/Cathy Bissoon
    Cathy Bissoon
    United States District Judge

August 5, 2016

cc (via e-mail):

All counsel of record.