IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, | CIVIL ACTION |
| Plaintiff, | No: 2:15-cv-00998 |
| vs. | |
| AIM NATIONALEASE, and GENUINE PARTS COMPANY t/d/b/a NAPA AUTO PARTS, | **HONORABLE CATHY BISSOON** |
| Defendants. | PAUL R. ROBINSON, ESQUIRE PA I.D. No. 65581 |
| | **JURY TRIAL DEMANDED** |

**BRIEF IN SUPPORT OF GENUINE PARTS COMPANY'S MOTION TO DISMISS DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY'S AMENDED CROSS CLAIM**

**I. BACKGROUND**

Discover filed an amended complaint for declaratory judgment against AIM and Genuine Parts on November 9, 2015 which attempts to re-litigate a Pennsylvania state court's final declaratory judgment that Discover must indemnify AIM for the liability judgment entered in favor of Genuine Parts and against AIM in underlying tort litigation.

AIM filed an answer to Discover's amended complaint, and AIM also asserted a counterclaim against Discover relating to Discover's bad faith and other improper conduct as an insurer towards its insured, AIM. Count I of AIM's counterclaim alleges that Discover breached the terms of an insurance policy, Policy No. D004A00341 (the "Discover Policy"), by Discover not defending and indemnifying AIM in the underlying

lawsuit filed against AIM.  Counts II and III of AIM's counterclaim against Discover allege that Discover acted in bad faith towards AIM under 42 Pa.C.S.A. § 8371 (Count II), and bad faith at common law (Count III), for denying coverage to AIM and for Discover's failure to comply with the existing state court declaratory judgment entered against Discover which ordered Discover to indemnify AIM for the judgment held against AIM by Genuine Parts.

Discover filed an answer and affirmative defenses to AIM's counterclaim, but it also filed a meritless cross claim for indemnity against Genuine Parts relating to AIM's counterclaim against Discover relating to Discover's improper conduct towards AIM. (See Document 56).  Genuine Parts thereafter filed a motion to dismiss Discover's cross claim, along with a supporting brief, for failure to state a valid cross claim for indemnity. (See Document 57 and Document 58).

On August 5, 2016, the Court ruled on Genuine Parts' motion to dismiss Discover's cross claim relating to AIM's counterclaim, and issued its Memorandum and Order dismissing Discover's cross claim, and permitting Discover, under the eye of Rule 11, to file an amended cross claim if Discover could identify the facts which could establish how Genuine Parts could be liable to indemnify Discover for Discover's bad faith and other improper conduct towards AIM.

On August 15, 2016, Discover filed an amended cross claim against Genuine Parts, but that amended cross claim does not identify or address any facts that could support Discover's cross claim for indemnity against Genuine Parts for Discover's bad

2

{P1265777.1}

faith towards AIM, as ordered by this Court. Discover's amended cross claim ignores the very reason Discover was given leave to file an amended cross claim following the dismissal of its original cross claim, and Discover instead simply repeated through different prose and claims of its amended cross claim the claims it set forth in its amended complaint against Genuine Parts.

Discover's amended cross claim does not set forth any plausible theory by which Discover could obtain indemnity from Genuine Parts for Discover's bad faith and breach of contract towards AIM, and Discover's amended cross claim should be dismissed due to Discover's failure to identify any supporting facts, and furthermore because Discover's amended cross claim does not comply with this Court's order and improperly includes a recitation of its amended complaint against Genuine Parts in AIM's counterclaim against Discover.

## II. STANDARD OF REVIEW

A complaint (or cross claim) does not satisfy the requirements of Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (modifying long standing 12(b)(6) standards set out in Conley v. Gibson, 355 U.S. 41 (1957)). (See also Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) (clarifying that Twombly standard is not limited to anti-trust context)). To survive a Rule 12 motion, a party is required to actually "make a showing rather than a blanket assertion of an entitlement to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3rd Cir. 2008). In other words, the pleading must supply

3

enough facts to raise a reasonable expectation that discovery will reveal evidence supporting its claim.  Id. at 232 (quoting Twombly, 550 U.S. at 556, n.3).

> The United States Court of Appeals for the Third Circuit has instructed:
>
>> When presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well pleaded facts as true, but may disregard any legal conclusions.  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to show such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3rd Cir. 2009).  Where the Court is unable to discern more than a mere possibility of misconduct or wrongdoing, the pleading does not show an entitlement to relief and should be dismissed.

In ruling on a motion to strike made pursuant to Federal Rule of Civil Procedure 12(f), the court should exercise this discretion and strike pleadings when those pleadings include "redundant, immaterial, impertinent, or scandalous matter." Higgins v. Shenango Pottery Co., 99 F. Supp. 522, 525 (W.D. Pa. 1951).

## III. ARGUMENT

### I.   DISCOVER'S AMENDED CROSS CLAIM SHOULD BE STRICKEN PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) and 12(f) .

When this Court dismissed Discover's original cross claim against Genuine Parts on August 5, 2016, Discover was specifically given leave of court to file an amended

4

cross claim which detailed the factual basis for Discover's indemnity claim against Genuine Parts for the claims asserted by AIM against Discover in AIM's counterclaim "consistent with the principles discussed" in the Court's Memorandum and Order. A review of Discover's amended cross claim does not reveal any attempt by Discover to comply with the Court's order, as the amended cross claim does not contain any facts that would require Genuine Parts to indemnify Discover for Discover's alleged tortious and improper conduct towards AIM. Discover, instead, filed an amended cross claim which does not address the issue for which it was granted leave to file an amended cross claim and, for unexplained reasons, improperly re-states its amended complaint against Genuine Parts in AIM's counterclaim against Discover.

"A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim . . . . The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim assert in the action against the crossclaimant." Fed.R.Civ.P. 13(g). Discover's amended cross claim against Genuine Parts is contained within AIM's counterclaim against Discover, although Genuine Parts is not a defendant in that counterclaim. Furthermore, Discover's regurgitation of its original claims against Genuine Parts in the amended cross claim disregards this Court's August 5, 2016 order, and is both procedurally improper and a violation of Rule 12(f). If a counterclaim [or here a cross claim] "merely serves to restate the controversy set forth in the complaint it may be stricken as redundant." John Evans Sons, Inc. v. Majik-Ironers, Inc., 95 F.R.D. 186, 190 (E.D. Pa. 1982).

5

{P1265777.1}

To the extent Discover's amended cross claim attempts to continue to assert an indemnity claim against Genuine Parts such that Discover is claiming that Genuine Parts must indemnify Discover for Discover's bad faith and other conduct committed as AIM's insurer, then Discover's amended cross claim does not provide any facts as ordered by this Court and otherwise is legally insufficient to demand indemnity from Genuine Parts.

After Iqbal, the United States Court of Appeals for the Third Circuit explained the analysis necessary to determine the sufficiency of a complaint. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting   Iqbal, 556 U.S. at 675, 679); see also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), cert. denied, 132 S.Ct. 1861 (Apr. 2, 2012); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

Twombly and Iqbal have not changed the other pleading standards for a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and the requirements of Fed.R.Civ.P. 8(a)(2) must still be met. See Burtch, 662 F.3d at 220. Rule  8(a)(2) requires a showing, rather  than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented

{P1265777.1}

and does not authorize a pleader's bare averment that he wants relief and is entitled to it."  Twombly, 550 U.S. at 555 n.3. (citations and quotations omitted).

Here, Discover's amended cross claim is devoid of any factual allegations that would be necessary to support Discover's claim for indemnity against Genuine Parts on AIM's counterclaim against Discover.  AIM, the insured, alleges that Discover, its insurer, breached the insurance policy which it issued by failing to defend and indemnify AIM, and otherwise acted in bad faith under Pennsylvania's bad faith statute, which is only applicable to insurers.  Genuine Parts cannot be liable for the tortious conduct of Discover without a specific agreement to do so.

Discover has failed to set forth facts that warrant them to indemnity on AIM's bad faith counterclaims. 42 Pa. S.C.S. § 8371 provides that, "if the court finds that an insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1)     Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%;

(2)     Award punitive damages against the insurer; and,

(3)     Assess court costs and attorney fees against the insurer."

Here, AIM is seeking damages from Discover, its insurer, for denying coverage to AIM without a reasonable basis and for ignoring the Declaratory Judgment which already ordered Discover to defend and indemnify AIM, another order which Discover chose to disregard.  Genuine Parts is not an insurer, and Genuine Parts cannot be held liable to indemnify Discover for AIM's bad faith counterclaims against Discover.

7

Discover, again, has not even attempted to allege how such indemnity obligation could exist.

The only reference to a written indemnity agreement by Discover in its amended cross claim is to the Indemnity Agreement between Discover and Genuine Parts relating to the Self Funded Retention of the Discover Policy which applied to third party claims filed against Genuine Parts for which Genuine Parts self-funded its own liability. Discover does not even attempt to suggest how that Indemnity Agreement could apply to require Discover's breach of contract and bad faith conduct towards AIM to be indemnified by Genuine Parts, and even a cursory review of the Indemnity Agreement reveals the absence of any terms which would require Genuine Parts to indemnify Discover for Discover's tortious and other conduct towards AIM. Where no agreement exists to indemnify another for that other's negligent or improper conduct towards a third-party, the law will not create one. Shovel Transfer and Storage, Inc. v. Pa. Liquor Control Bd., 559 Pa. 56, 739 A.2d 133, 136 (Pa.1999).

Discover also, for unexplained reasons, attempts to suggest in its amended cross claim that Genuine Parts had standing to appeal the Declaratory Judgment entered against Discover in the PA Declaratory Judgment Action. That issue is not before this Court and has no relevance to Discover's failure to comply with this Court's August 5, 2016 Order which gave it leave to set forth the facts which support its indemnity cross claim against Genuine Parts on AIM's counterclaim, but Discover's recitation of the law on that issue is patently incorrect, as only a party who has been aggrieved by a ruling may appeal that ruling. See Pa.R.A.P. 501; Epstein v. Saul Ewing, LLP, 7 A.3d 303,

314 (Pa. Super. 2010). A party is aggrieved by a ruling when that party "has been adversely affected by the decision from which the appeal is taken." In re J.G., 984 A.2d 541, 546 (Pa. Super. 2009); Epstein v. Saul Ewing, LLP, 7 A.3d 303, 314 (Pa. Super. 2010). Discover was the only party adversely affected by the Declaratory Judgment entered specifically against Discover, and Genuine Parts had no ability to appeal that order which did not pertain to it.

In short, Discover has obligations to AIM as AIM's insurer. Discover was ordered through a final Declaratory Judgment to defend and indemnify AIM for the liability judgment obtained by Genuine Parts against AIM, but Discover for reasons which Discover continues to conceal, ignored the Declaratory Judgment against it, and it continues to do so in this lawsuit. AIM has asserted its counterclaim against Discover for damages resulting from Discover's disregard of its obligations as found and ordered by the Court, and Discover needs to answer to that counterclaim, not Genuine Parts which is not even a party to AIM's counterclaim, and which never agreed to provide indemnity to Discover for Discover's torts and other improper conduct. Discover cannot simply assert unsupported cross claims against Genuine Parts to attempt to avoid its independent obligations to AIM, and Discover's amended cross claim should be dismissed.

## IV. CONCLUSION

Discover's amended cross claim against Genuine Parts does not set forth any facts which would support Discover' meritless claim that Genuine Parts could somehow

be liable to indemnify Discover for Discover's bad faith and other conduct set forth by AIM in its counterclaim against Discover.   Discover, instead, filed an amended cross claim which ignored the purpose for which it was granted leave to file an amended cross claim, and Discover wrongly used that opportunity to re-state its affirmative claims against Genuine Parts set forth in Discover's amended complaint in AIM's counterclaim. To the extent Discover intended to assert additional claims against Genuine Parts, it cannot do so in AIM's counterclaim and by flouting the rules pertaining to amendment of pleadings.  Discover's amended cross claim, respectfully, should be dismissed.


Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.


By:   /s/ Paul R. Robinson
      PAUL R. ROBINSON, ESQUIRE
      PA I.D. No. 65581
      600 Grant Street, Suite 4850
      Pittsburgh, PA  15219
      (412) 261-6600
      Email:  probinson@mdbbe.com

{P1265777.1}

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

| | |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| _____ | Overnight Delivery |
| __X__ | Electronic Mail / CM/ECF Filing |

at the following address:

Alan S. Miller
Picadio, Sneath, Miller & Norton
Four Gateway Center
444 Liberty Avenue, Suite 1105
Pittsburgh, PA 15222
amiller@psmn.com
*(Counsel for Discover Property & Casualty Insurance Company)*

Christopher M. Jacobs, Esquire
Burns White, LLC
Four Northshore Center, 106 Isabella Street
Pittsburgh, PA 15212
cmjacobs@burnswhite.com
*(Counsel for AIM Leasing Company d/b/a AIM NationaLease)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date:  September 8, 2016                    /s/ Paul R. Robinson
                                            PAUL R. ROBINSON, ESQUIRE

{P1265776.1}