IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, | CIVIL ACTION |
| Plaintiff, | No: 2:15-cv-00998 |
| vs. | |
| AIM NATIONALEASE, and GENUINE PARTS COMPANY t/d/b/a NAPA AUTO PARTS, | **HONORABLE CATHY BISSOON** |
| Defendants, | |
| vs. | PAUL R. ROBINSON, ESQUIRE PA I.D. No. 65581 |
| HARCO NATIONAL INSURANCE COMPANY, | **JURY TRIAL DEMANDED** |
| Third-Party Defendant. | |

**GENUINE PARTS' RESPONSE BRIEF IN OPPOSITION TO DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY'S MOTION TO DISMISS GENUINE PARTS' COUNTERCLAIM**

**I. PROCEDURAL HISTORY**

Following an adverse declaratory judgment entered against Discover Property & Casualty Insurance Company ("Discover") and in favor of AIM NationaLease ("AIM") in a fully binding state court declaratory judgment action (the "PA State Declaratory Judgment"), Discover has been litigating in different courts its efforts to both (1) undo the PA State Declaratory Judgment entered against it, which declaratory judgment Discover appealed and then withdrew its appeal to further its plan to then (2) argue, despite the PA State Declaratory Judgment being sought and entered solely against Discover, that Genuine Parts is the only party harmed by Discover's bad faith handling

{P1271898.1}

of that PA State Declaratory Judgment, and the Declaratory Judgment entered against Discover as a result of such handling.

This Court already has dismissed Discover's attempt to have this Court undo the PA State Declaratory Judgment by dismissing Discover's request for declaratory relief that Discover does not owe AIM a defense and indemnity for the underlying judgment entered against AIM and in favor of Genuine Parts. (See Memorandum and Order dated August 5, 2016 at Document 87). In that same Memorandum and Order, this Court permitted Discover to proceed beyond the pleading stage of this matter to address Discover's unprecedented argument that the PA State Declaratory Judgment entered against Discover only harmed its insured, Genuine Parts, and Discover now has focused its efforts on this second, unmeritorious effort to try to avoid the effect of the PA State Declaratory Judgment Action and its bad faith conduct.

In response to Discover's amended complaint, Genuine Parts filed its answer and affirmative defenses to Discover's claims, and it also filed a counterclaim against Discover which sought declaratory relief relating to the issues existing in this action for declaratory relief. In its counterclaim, Genuine Parts incorporated the facts as pled and detailed at length in its affirmative defenses, as well as facts pled in the separate bad faith lawsuit pending against Discover, and then, based upon such facts, set forth its request for declaratory relief as follows:

> WHEREFORE, Genuine Parts Company respectfully requests that this Honorable Court enter a judgment declaring its rights and the obligation of Discover under the Discover Policy and Indemnity Agreement including, but not limited to the following declarations:

{P1271898.1}

a. The Discover Policy does not provide AIM with a defense or indemnity for the Underlying Tort Action;

b. Discover must pay Genuine Parts' attorney fees and costs/expenses incurred in this lawsuit;

c. Genuine Parts is not required to indemnify Discover in connection with Genuine Parts' judgment entered against AIM;

d. Genuine Parts has no obligation to provide indemnity or any payment to Discover under the Discover Policy or the Indemnity Agreement;

e. The Harco Policy provides primary insurance coverage to AIM;

f. Genuine Parts can collect on its judgment against AIM through assets other than the Discover Policy; and,

g. For all such other and further relief as is necessary and the Court deems just and proper.

(See Genuine Parts' counterclaim, Document 93, p. 20).

In response to Genuine Parts' counterclaim, Discover filed its motion to dismiss now before this Court, which motion requested the dismissal of the entirety of Genuine Parts' declaratory relief counterclaim on the sole basis that Genuine Parts incorporated the factual allegations included within Genuine Parts' separate amended complaint for, inter alia, Discover's bad faith conduct in handling the PA State Declaratory Judgment Action (See Document 9 at Civil Action No. 16-cv-00518) and Discover's novel and unsupported post declaratory judgment position (that Discover fraudulently concealed from Genuine Parts) that Discover was really was only handling AIM's coverage claim against it on behalf of Genuine Parts because of the Self Funded Retention ("SFR") in the Discover Policy and that the declaratory judgment entered against Discover only detrimentally affected its insured, Genuine Parts, despite no claims being made against Genuine Parts in that action. In essence, the bad faith lawsuit asserts that Discover had

3

advised Genuine Parts that Discover would handle AIM's claim for coverage under the Discover Policy but then, only after an adverse decision against Discover and Discover's withdrawal of its appeal of that adverse decision, Discover argued that its intentional mishandling of AIM's insurance coverage claim only harmed Genuine Parts. Compensatory and punitive damages are at issue in that separate bad faith lawsuit against Discover, not declaratory relief.

Discover's current attempt to have this Court dismiss any aspect of its declaratory relief counterclaim, let alone the entirety of Genuine Parts' counterclaim as argued by Discover, based upon Genuine Parts incorporation of facts from Genuine Parts' bad faith complaint is outrageous and apparently another attempt to cause Genuine Parts to incur more time and costs in addressing Discover's meritless claims against Genuine Parts, and now even Genuine Parts' own counterclaim for the declaratory relief to which it is entitled.

## II. STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion, the court must construe the complaint (or counterclaim) in the light most favorable to the plaintiff. Bennett v. Republic Services, Inc., 2016 WL 1383738, at *2 (E.D. Pa. Apr. 7, 2016). The responding party must "make a showing rather than a blanket assertion of an entitlement to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3rd Cir. 2008). The pleading only needs to supply enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the claim. Id. at 232 (quoting Twombly, 550 U.S. at 556, n.3).

Dismissal of a complaint (or counterclaim) is not appropriate unless the court could accept as true all of the facts alleged in the complaint and conclude, after "drawing all reasonable inferences in the plaintiffs (or moving parties) favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Vicky M. v. N.E. Educ. Intermediate Unit 19, 486 F. Supp. 2d 437, 449 (M.D. Pa. 2007) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). Genuine Parts' has set forth more than sufficient facts to support its declaratory relief counterclaim against Discover, and Discover's sole basis for its motion to dismiss all of the declaratory relief to which Genuine Parts is entitled – Genuine Parts incorporated facts from its collateral bad faith complaint – is obdurate and reckless.

### III. ARGUMENT

Discover did not even take the time or effort to file a brief with its motion to dismiss Genuine Parts' declaratory relief counterclaim and, instead, argues that its incorporated motion to dismiss and supporting brief filed in the bad faith lawsuit pending against Discover somehow entitles it to dismiss Genuine Parts' request for declaratory relief in this declaratory judgment action. While the motion to dismiss and brief filed by Discover in Genuine Parts' bad faith lawsuit are themselves without merit, incorporating them in support of a motion to dismiss the declaratory judgment counterclaim filed by Genuine Parts has no support of any kind. Discover has not even attempted to make any argument as to how its incorporated motion to dismiss and supporting brief in the bad faith lawsuit possibly could result in a dismissal of the declaratory relief requested

by Genuine Parts in its counterclaim against Discover, and no good faith argument can be made on that issue.

Genuine Parts' declaratory relief counterclaim does not request any of the same relief as the compensatory and punitive damages recoverable from Discover in the bad faith lawsuit. Genuine Parts' counterclaim for declaratory relief requests a declaration that Genuine Parts does not owe any obligation to Discover or AIM under either the Discover Policy or the Indemnity Agreement now being raised by Discover. Genuine Parts' counterclaim also asks for a declaration that the Harco Policy which specifically insured AIM for AIM's negligence in causing the underlying death at issue is primary to any coverage that could be found to exist for AIM under the Discover Policy issued to Genuine Parts. Genuine Parts' counterclaim furthermore requested additional declaratory relief that does not rely at all on the success or failure of the bad faith lawsuit filed by Genuine Parts against Discover, just like the success of AIM's separate bad faith counterclaim against Discover in this lawsuit does not affect the separate declaratory relief issues before this Court. None of these requests for declaratory relief are contingent upon the outcome of the bad faith claim pending against Discover.

Discover continues to litigate its claims against Genuine Parts in bad faith and without any supporting law. For reasons that cannot be fully explained until discovery is opened in this declaratory judgment action, and the bad faith lawsuit, Discover continues to raise unmeritorious claims and defenses in a severely misguided effort to try to avoid the PA State Declaratory Judgment entered against Discover. In so doing, Discover turns its back on the long-standing law which recognizes an insurer's

{P1271898.1}

responsibilities to litigate coverage issues in good faith and not make misrepresentations and arguments having no support under the law.

Discover's motion to dismiss Genuine Parts counterclaim is in fact wasteful of this Court's time and resources, and unsupported by any law. Again, Discover has chosen to not even attempt to argue how the success or failure of the bad faith lawsuit would cause the dismissal of Genuine Parts' declaratory judgment counterclaim against Discover. Discover's motion to dismiss, respectfully, should be denied and, to the extent this Court could find any relevance to the motion to dismiss pending in the collateral bad faith lawsuit pending against Discover, then Genuine Parts incorporates by reference its response and brief filed in opposition to that motion to dismiss filed at Document No. 16 in Civil Action No. 16-cv-00518.

## IV. CONCLUSION

Discover's motion to dismiss Genuine Parts' counterclaim is unsupported by any law or reason, or any analysis whatsoever by Discover. Discover's request to dismiss any and all of Genuine Parts' request for declaratory relief based upon Genuine Parts' simple incorporation of facts from the separate bad faith litigation reveals the continuing bad faith manner in which Discover continues to act towards Genuine Parts, and also shows Discover's willingness to continue to offer wholly unsupported arguments to this court, much like its prior misrepresentation called out by this Court when Discover misrepresented that the PA State Declaratory Judgment Action solely determined that AIM was an additional insured under the Discover Policy and that it did not enter the very declaratory judgment that was in fact entered against Discover. (See

Memorandum and Order, Document 87, pp. 8-9). Discover's motion to dismiss, respectfully, should be denied.

<div style="text-align: right;">

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.


By: /s/ Paul R. Robinson
    PAUL R. ROBINSON, ESQUIRE
    PA I.D. No. 65581
    600 Grant Street, Suite 4850
    Pittsburgh, PA 15219
    (412) 261-6600
    Email: probinson@mdbbe.com

</div>

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|   |   |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| _____ | Overnight Delivery |
| X | Electronic Mail / CM/ECF Filing |

at the following address:

Alan S. Miller
Picadio, Sneath, Miller & Norton
Four Gateway Center
444 Liberty Avenue, Suite 1105
Pittsburgh, PA 15222
amiller@psmn.com
*(Counsel for Discover Property & Casualty Insurance Company)*

Christopher M. Jacobs, Esquire
Burns White, LLC
Four Northshore Center, 106 Isabella Street
Pittsburgh, PA 15212
cmjacobs@burnswhite.com
*(Counsel for AIM Leasing Company d/b/a AIM NationaLease and Harco National Insurance Company)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date: October 21, 2016

/s/ Paul R. Robinson
PAUL R. ROBINSON, ESQUIRE

{P1271898.1}