IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, | ) Civil Action No. 15-998 <br> ) Judge Cathy Bissoon <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| AIM LEASING COMPANY d/b/a AIM NATIONALEASE and GENUINE PARTS COMPANY d/b/a NAPA AUTO PARTS, | ) <br> ) <br> ) <br> ) |
| Defendants, | ) <br> ) |
| v. | ) <br> ) |
| HARCO NATIONAL INSURANCE COMPANY, | ) <br> ) <br> ) |
| Third-Party Defendant. | ) |

**BRIEF IN SUPPORT OF MOTION TO DISMISS GENUINE PARTS COMPANY'S THIRD-PARTY COMPLAINT PURSUANT TO RULE 12(b)(6)**

NOW, comes Third-Party Defendant Harco National Insurance Company ("Harco"), by and through its attorneys, Burns White LLC, and files a Brief in Support of Motion to Dismiss Genuine Parts Company's Third-Party Complaint Pursuant to Rule 12(b)(6).

### I.  SUMMARY OF ARGUMENT

Genuine Parts bought an insurance policy that obligates it to satisfy a self-funded retention ("SFR") of up to $5 million. That SFR is now implicated and Genuine Parts is doing whatever it can to avoid it. To be sure, Genuine Parts' unenviable position of having contractually agreed to a $5 million SFR with its insurer—and its desperate attempts to find a way to escape from it now that the SFR has come due—has framed these entire proceedings.

In some pleadings, Genuine Parts claims that it is simply not responsible for its SFR. In others, Genuine Parts claims that someone else should have to pay it. Now, Genuine Parts has attempted to bring Harco—another party's insurance company—into this case, hoping that maybe that will help it out of its self-created predicament.

However, Genuine Parts' Third-Party Complaint fails to state a claim against Harco where: (a) Genuine Parts—as a third party—has no standing to bring or maintain an action against Harco on any theory, (b) there is no justiciable case or controversy regarding the interaction between the Discover and Harco policies with respect to the Underlying Tort Action—i.e., Discover has expressly acknowledged that its coverage to AIM is primary and Harco's is excess and the policies "other insurance" provisions confirm the same, and (c) as a result, Harco is not a necessary party to this action under Rule 19.

Consequently, Genuine Parts' Third-Party Complaint should be dismissed, with prejudice.

## II.    BACKGROUND

The Court is well familiar with the general background of this matter.

As it relates to the disposition of this motion, the pertinent background may be briefly summarized as follows:

- In the Pennsylvania state court coverage action, AIM was deemed to be an insured under the Discover policy issued to Genuine Parts with respect to the Underlying Tort Action.
- AIM was issued an insurance policy by Harco at the time of the Underlying Tort Action.
- During the time period that Discover refused to acknowledge that AIM was an insured under its policy, AIM was defended in the Underlying Tort Action under the Harco policy.
- Discover has since acknowledged that the coverage afforded to AIM with respect to the Underlying Tort Action is—and always was—primary and that Harco's coverage to AIM is—and always was—excess, such that there is no

- dispute regarding the priority of coverage for AIM under the Discover and Harco policies.

- This declaratory judgment action initiated by Discover relates to the question of whether Genuine Parts should be responsible to satisfy an SFR of up to $5 million that it agreed to in its insurance policy with Discover.

- Genuine Parts' SFR is implicated and Genuine Parts wants to find a way to avoid responsibility for it.

- Genuine Parts is not an insured under the Harco policy and as such, is a third party to the Harco-AIM insurance contract.

- Genuine Parts filed a Third-Party Complaint in this action against Harco.

### III.　STANDARD OF REVIEW

In resolving a Rule 12(b)(6) motion, the court primarily considers the allegations in the pleading, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the pleading may also be taken into account. <u>Tyler</u>, 52 F. Supp.2d at 474 (<u>citing</u> <u>Chester County Intermediate Unit v. Pa. Blue Shield</u>, 896 F.2d 808 (3d Cir. 1990)).  In considering whether a pleading fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the pleading and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250 (3d Cir. 1994). However, a court "need not credit a [pleading's] 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." <u>Id.</u>

### IV.　ARGUMENT

**A.　Genuine Parts Has No Standing To Assert A Direct Third-Party Claim Against Harco**

Genuine Parts' Third Party Complaint acknowledges that Harco issued an insurance policy to AIM—and only to AIM—and nowhere does Genuine Parts allege or even suggest that it has insured status under AIM's Harco policy. (<u>See</u> Third Party Complaint at ¶ 16.)  Based on this fundamental fact alone, Genuine Parts' Third Party Complaint should be dismissed as it is

3

axiomatic that a third-party cannot bring or maintain a direct action against another entity's insurance company, under any theory.

Pennsylvania courts are clear that a third-party has no standing to assert a claim against another party's insurer. See Strutz v. State Farm Mut. Ins. Co., 609 A.2d 569 (Pa. Super. Ct. 1992) (holding that a third-party could not maintain a direct action against the insurer because the third-party was neither an insured under the policy nor a third-party beneficiary to the policy); Brown v. Candelora, 708 A.2d 104 (Pa. Super. Ct. 1998) (same); see also Johnson v. Beane, 664 A.2d 96 (Pa. 1995).

Pennsylvania courts have specifically held that even though a third-party may claim that it may derive a benefit from interpreting or enforcing the terms of another party's insurance policy in a particular way, such a claim does not confer "third-party beneficiary" status upon that third-party. See Tremco, Inc. v. Pennsylvania Manufacturers Ass'n Ins. Co., 832 A.2d 1120 (Pa. Super. Ct. 2003). In Tremco, a supplier of roofing materials attempted to bring a direct action against a roofing contractor's insurer, seeking to enforce the terms of the policy with respect to underlying lawsuits arising from a construction project. Id. The trial court dismissed the action for lack of standing, and the dismissal was affirmed on appeal. Id. The Tremco court explained that the supplier did not qualify as an insured under the contractor's policy and was not a third-party beneficiary to the insurance policy. Id. With regard to the latter, the court in Tremco explained that the standard for established status as a third-party beneficiary is a difficult one: "[t]o be considered a third-party beneficiary in this state it is necessary to show both parties to the contract had an intent to benefit the third party through the contract and did, in fact, explicitly indicate this intent in the contract." Id. No such intent was set forth in the insurance policy at issue. Id.

The United States District Court for the Eastern District of Pennsylvania has specifically applied these well-settled principles in the context of a declaratory judgment action, granting an insurer's Rule 12(b)(6) motion to dismiss with respect to a Complaint for Declaratory Judgment filed against another entity's insurer. See York Int'l Grp. v. Cincinnati Ins. Co., 2007 WL 2667984 (E.D.Pa. Sept. 5, 2007). In York, a third-party initiated a declaratory judgment action against another party's insurer, seeking a declaration regarding the application of the terms of the other party's insurance policy with respect to a series of Pennsylvania state court lawsuits to which both the third-party and the other party were litigants. Id. Relying on Tremco, the Eastern District dismissed the Complaint for Declaratory Judgment, finding that because the third-party was neither an insured under the policy at issue, nor a third-party beneficiary under the policy, it had no standing to assert an action against the insurance company who issued the policy to another entity. Id.

Here, as in York, Genuine Parts—a third-party to the Harco policy issued to AIM—has impermissibly asserted a direct claim against Harco, seeking a declaration regarding the application of the terms of AIM's Harco policy with respect to the Underlying Tort Action. Because Genuine Parts has no standing to bring or maintain a direct claim against Harco—and because as was the case in Tremco, an examination of the Harco policy establishes that neither AIM nor Harco set forth an intention to benefit Genuine Parts in any way when formulating their insurance contract—Genuine Parts' Third Party Complaint should be dismissed.

**B.      There Is No Ripe Justiciable Case or Controversy Concerning the Discover and Harco Policies**

Even if Genuine Parts could somehow maintain an action against Harco and bring Harco into this case, there would be nothing to fight about as it relates to Harco, despite Genuine Parts' best efforts to conjure a dispute.

The crux of Genuine Parts' Third Party Complaint is the pursuit of a declaration that the Harco Policy owes primary coverage to AIM with respect to the Underlying Tort Action, obviously hoping that if Harco—rather than Discover—were to provide primary coverage to AIM, then Genuine Parts could escape its SFR obligation that it agreed to under its Discover Policy. The problem with Genuine Parts' scheme (for Genuine Parts, at least) is that AIM, Harco and Discover all agree that the coverage afforded to AIM with respect to the Underlying Tort Action under the Discover Policy is primary, and the Harco Policy is excess.

Indeed, in judicial filings made in this case, Discover has expressly admitted and acknowledged that its coverage to AIM is primary and that Harco's is excess:

> A further miscalculation by [Genuine Parts] was its failure to consider that under the circumstances, the 'other insurance' provisions of AIM's HARCO policy and the Discover policy would render AIM's HARCO policy 'excess.'

(See ECF Doc. No. 55 at 3.)

Discover is absolutely correct. The Discover and Harco policies contain identical "other insurance" provisions which govern the interaction between both policies relative to the coverage afforded to AIM with respect to the Underlying Tort Action and establishes the priority of the coverage afforded to AIM under both policies.

Under both policies, the term "you" refers to the "named insured" identified on the respective policy. Under the Discover Policy, the named insured is Genuine Parts. Under the Harco Policy, the named insured is AIM.

The critical portion of the identical "other insurance" clauses for the purposes of determining the priority of coverage available to AIM, therefore, is the following:

> **5.  Other Insurance**
>
> a.  For any covered 'auto' you own, this Coverage Form provides primary insurance. For any covered 'auto' you don't own, this insurance provided by this Coverage Form is excess over any other collectible insurance.

It is undisputed that the vehicle involved in the subject accident was owned by Genuine Parts. As a result, by operation of the "other insurance" provisions of both policies, the Discover Policy is primary and the Harco Policy is excess.

In other words, for the purposes of the Discover Policy, the "other insurance" provision clearly states that the Coverage Form provides primary insurance "for any covered 'auto' you [Genuine Parts] own..."—that is, the Genuine Parts vehicle. For the purposes of the Harco Policy, the "other insurance" provision clearly states that the Coverage Form provides excess insurance for "any covered 'auto' you [AIM] don't own..." AIM does not own the Genuine Parts vehicle.

Not only does the language of the respective policies compel the conclusion that there is no dispute that Discover's coverage is primary to AIM and Harco's coverage is excess, Discover's recent actions have further confirmed the same. To be sure, during the substantial time period that Discover failed to acknowledge is primary obligation to AIM as an insured under the Discover Policy, AIM was being defended in the Underlying Tort Action under the Harco Policy. After Discover acknowledged that its coverage to AIM was primary, Discover paid for all defense costs in the Underlying Tort Action and is reimbursing defense costs on an ongoing basis. (See ECF Doc. No. 108: "...Discover has now paid AIM for its past defense costs

in defending the Underlying Action, and is reimbursing AIM for its ongoing defense costs in the Underlying Action while AIM appeals the judgment in that action.")

There is simply no dispute regarding the priority of coverage between the Harco and Discover policies relative to AIM with respect to the Underlying Tort Action.  Genuine Parts cannot be permitted to attempt to manufacture a dispute where one does not exist.  Because there is no actual case or controversy concerning the application of the Discover and Harco policies as they relate to the priority of coverage afforded to AIM, Genuine Parts' Third Party Complaint should be dismissed.

C.      **Harco Is Not a Necessary Party to This Action Under Rule 19**

Based on the foregoing, it is apparent that Harco is not a necessary party under Rule 19.  In other words, this matter can move forward without Harco.  As discussed above, Genuine Parts cannot even maintain an action against Harco and there is no case or controversy concerning the interaction between the Discover and Harco policies with respect to the Underlying Tort Action.  To be sure, this case is a fight between Genuine Parts and Discover: simply stated, Genuine Parts does not want to acknowledge its SFR obligation that it agreed to in its insurance policy with Discover and Discover wants to enforce the plain terms of the SFR provision relative to Genuine Parts.

Further supporting this conclusion is the fact that this Court has previously ruled that AIM cannot be subject to the SFR contained in the Discover Policy issued to Genuine Parts such that Discover's request for declaratory relief in this action pertains solely to Genuine Parts. (See ECF Doc. 87 at 7.)  Discover has plainly acknowledged this. (See ECF Doc. No. 108, n. 3: "...[T]his Court has previously dismissed the request for declaratory relief under the Policy in Count I of the Amended Complaint as to AIM, but permitted the request for declaratory relief

under the Policy in Count I of the Amended Complaint as to Genuine Parts to go forward....Accordingly, the Amended Complaint as it currently stands only seeks to disclaim an obligation to indemnify Genuine Parts in connection with the Underlying Action.").  The basis for Discover's disclaimer of an obligation to indemnify Genuine Parts is the application of the plain terms of the Discover Policy's SFR provision.  Harco has nothing to do with the application of another insurance company's SFR provision to a third party.

Against this backdrop, Rule 19—which governs the required joinder of parties—is not implicated in any way in this matter as it relates to Harco.

Pursuant to Rule 19(a)(1)(A), a person must be joined if the court cannot accord complete relief among the existing parties in that person's absence. The court is limited in its inquiry under this section to "whether the district court can grant complete relief to persons *already named* as parties to the action; what effect a decision may have on absent parties is immaterial." General Refractories Co. v. First State Ins. Co., 500 F.3d 306 (3d Cir. 2007) (emphasis added).  Here, the court can decide that the SFR that Genuine Parts agreed to in its insurance policy with Discover either applies to Genuine Parts, or it does not.  Harco's absence in this case does not affect the court's ability to accord complete relief to the existing parties.

Rule 19(a)(1)(B) provides that joinder of a person is required if that person's absence: (i) may impair or impede the absent person's ability to protect its interest in the subject matter of the litigation, or (ii) may leave the existing parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the absent person's claimed interest. Id.  Here, as discussed above, there is no dispute that the coverage afforded to AIM under the Discover Policy is primary and the coverage afforded under the Harco Policy is excess.  As a result of that certainty concerning the priority of coverage relative to the Underlying Tort Action,

Harco's interests are protected and it need not participate in the instant declaratory judgment action. Additionally, there is no other coverage litigation concerning the availability of insurance to AIM with respect to the Underlying Tort Action such that the existing parties to this action can never be subject to multiple or inconsistent obligations.

Based on the above, Harco is not a necessary party this action under Rule 19(a). The inquiry ends there. See General Refractories Co., 500 F.3d at 312 ("[s]hould we decide that the district court erred in its conclusion that the absent insurers were 'necessary' parties under Rule 19(a), we need not reach or decide the question of whether it abused its discretion by holding the absent insurers were 'indispensable' under Rule 19(b)..."). Accordingly, Genuine Parts' Third Party Complaint should be dismissed.

## V.  CONCLUSION

For the foregoing reasons, Harco respectfully requests that this Honorable Court enter an Order granting its motion to dismiss for failure to state a claim and dismissing Genuine Parts' Third Party Complaint, with prejudice.

Respectfully submitted,

BURNS WHITE LLC

By /s/  Christopher M. Jacobs
    Christopher M. Jacobs
    PA ID #89092
    Four Northshore Center
    106 Isabella Street
    Pittsburgh, PA  15212
    *(Attorneys for AIM Leasing Company d/b/a AIM NationaLease and Harco National Insurance Company)*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 14th day of November 2016, the within **BRIEF IN SUPPORT OF MOTION TO DISMISS GENUINE PARTS COMPANY'S THIRD-PARTY COMPLAINT PURSUANT TO RULE 12(b)(6)** was filed electronically. Notice of this filing will be sent to all Parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Christopher M. Jacobs