IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, | CIVIL ACTION |
| Plaintiff, | No: 2:15-cv-00998 |
| vs. | |
| AIM NATIONALEASE, and GENUINE PARTS COMPANY t/d/b/a NAPA AUTO PARTS, | **HONORABLE CATHY BISSOON** |
| Defendants, | |
| vs. | PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581 |
| HARCO NATIONAL INSURANCE COMPANY, | |
| Third-Party Defendant. | **JURY TRIAL DEMANDED** |

**GENUINE PARTS' RESPONSE IN OPPOSITION TO HARCO'S MOTION TO DISMISS GENUINE PARTS' THIRD-PARTY COMPLAINT**

AND NOW, comes the defendant, Genuine Parts Company t/d/b/a Napa Auto Parts ("Genuine Parts"), by its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing its response in opposition to Harco National Insurance Company's ("Harco") motion to dismiss Genuine Parts' third-party complaint, responding as follows:

**I. BACKGROUND**

This declaratory judgment action arose out of an underlying lawsuit filed in Washington County, Pennsylvania ("Underlying Tort Action") following a September 9, 2009 fatal automobile accident that occurred in Washington County, Pennsylvania

("Accident") involving a vehicle operated by Nicholas Jackson during his employment with Genuine Parts, which vehicle had been maintained by AIM NationaLease ("AIM") pursuant to a Vehicle Maintenance Agreement ("VMA"), and a vehicle operated by Roger Walters who died in the Accident.

Genuine Parts joined AIM as an additional defendant in the Underlying Tort Action after learning that significant mechanical issues caused the Accident and Mr. Walters' death.  A jury ultimately found that AIM did negligently maintain the Genuine Parts vehicle and breached the VMA, and that AIM's negligence and breach was the sole cause of the death of Mr. Walters and the damages incurred by Genuine Parts. Genuine Parts holds a judgment against AIM for nearly $2 million, and it continues to grow while AIM continues its appellate efforts.

Discover Property & Casualty Insurance Company ("Discover") had issued an insurance policy to Genuine Parts which was effective on the date of the Accident ("the Discover Policy").  In 2012, after AIM was joined in the Underlying Tort Action, AIM initiated a declaratory judgment action against Discover in the Court of Common Pleas of Washington County, Pennsylvania ("the PA Coverage Action"), solely seeking a declaratory judgment that <u>Discover</u> owed AIM a defense and indemnity for the judgment entered against AIM in the Underlying Tort Action.  Discover handled all aspects of the coverage litigation, as no claims of any kind were made against Genuine Parts. Discover mishandled the PA Coverage Action and waived numerous defenses available to it, and the trial court ultimately declared that <u>Discover</u> owed AIM a defense and indemnity for the judgment entered against AIM in the Underlying Tort Action.  Discover did not raise the $1 million coverage limit of the Discover Policy, and did not join Harco

3
{P1283627.1}

or raise the priority of coverage issue existing (if the Discover Policy actually applies to AIM) between the Discover Policy and AIM's own insurer, Harco National Insurance Company ("Harco"), which defended AIM in the Underlying Tort Action.

Notwithstanding the Declaratory Judgment entered in the PA Coverage Action declaring that Discover owes a duty to defend and indemnify AIM with respect to the Underlying Tort Action, Discover sought to avoid the declaratory judgment by initiating this declaratory judgment action in a separate forum, the United States District Court for the Northern District of Georgia, requesting a contradictory declaratory judgment that Discover does not have a duty to defend or indemnify AIM in the Underlying Tort Action (the "Federal Declaratory Judgment Action"), and also raising coverage defenses that it waived in the PA Coverage Action by not raising them as required to allow all coverage issues to be decided in that state court forum.

Because of Discover's improper forum shopping, the Federal Declaratory Judgment Action was transferred to this Court. Following motions to dismiss, this Court decided not to abstain from re-addressing these state law coverage issues and, instead, decided to address all unresolved issues in this Federal Declaratory Judgment Action. Those issues include, inter alia: (1) whether the Discover Policy (as compared to Discover itself due to its improper and bad faith defense of the PA Coverage Action) provided coverage to AIM in the Underlying Tort Action; (2) if the Discover Policy did provide coverage to AIM, whether the $1 million coverage limitation in the Discover Policy applies (no one has argued it does not); and, (3) if the Discover Policy did provide coverage to AIM, the priority of coverage issue between the Discover Policy and

3
{P1283627.1}

AIM's insurance policy with Harco (which all parties acknowledge provides coverage to AIM for the Underlying Tort Action).

The Harco insurance policy issued to AIM, Policy No. CPP005 900 00, effective through August 1, 2009 to August 1, 2010 and at the time of the Accident (the "Harco Policy"), provides for both a defense and indemnity to AIM in the Underlying Tort Action. The Harco Policy actually defended AIM in the Underlying Tort Action. Neither AIM nor Harco have ever disputed the applicability of the Harco Policy to the claims made and judgment entered against AIM in the Underlying Tort Action, but they have not admitted it either. Harco apparently disputes its priority of coverage with Discover, and that priority of coverage issue necessarily must be decided here, as no other forum exists for the resolution of that issue if this Court finds that the Discover Policy did in fact provide coverage to AIM. If this Court finds that the Discover Policy did not provide coverage to AIM, and that instead Discover owed coverage to AIM as a result of its mishandling of the PA Coverage Action and Discover's unbelievable, unilateral dismissal of its appeal of the declaratory judgment entered against it in that PA Coverage Action, then the priority of coverage issue with Harco, and this entire lawsuit, would be moot and Discover would owe the full judgment entered against AIM. But, as long as Discover is permitted to continue to assert the waived coverage defense that the declaratory judgment entered against it only applies to Genuine Parts because of the Self-Funded Retention ("SFR) in the Discover Policy, then the issues raised in the third-party complaint against Harco necessarily must be decided, or at least remain in this litigation until the decision is rendered that Discover cannot avoid the declaratory judgment entered against it by its conduct and litigation efforts.

4

Discover's amended complaint for declaratory judgment in this Federal Declaratory Judgment, because Discover places all of its eggs in its basket of passing the declaratory judgment against it to Genuine Parts, improperly and incorrectly implies that only one insurance policy is at issue, the Discover Policy.  Discover's complaint is based upon its claim that it now, after the verdict against AIM, and after the declaratory judgment entered against Discover, and without any timely notice or reservation of rights, can argue that the SFR of the Discover Policy should be distorted such that it would apply to claims made <u>by</u> Genuine Parts against tortfeasors, as opposed to its actual application for claims asserted <u>against</u> Genuine Parts.[1]  Discover's argument would require Genuine Parts to do the impossible, i.e., pay itself for a judgment entered against a tortfeasor, AIM, after that tortfeasor is found to be 100% responsible for <u>Genuine Parts'</u> damages.  Under Discover's novel theory, Discover can avoid the declaratory judgment entered against it in the PA Coverage Action, which it intentionally and in bad faith allowed to become final so it could then advance this present SFR argument to avoid it.

Because there is a $1 million limitation of coverage in the Discover Policy, even if the Discover Policy did provide primary coverage to AIM, that limitation of coverage applies, which would mean that the Harco Policy then would be required to pay the remaining excess judgment of approximately $1 million.  Harco cannot escape that obligation, but it will not acknowledge it.  Furthermore, if the Discover Policy does somehow provide any coverage to AIM, then the priority of coverage issue must be

---

[1] It is believed that no insurer has ever made this argument before, and a separate bad faith lawsuit is pending against Discover for its continuing bad faith conduct towards Genuine Parts.

{P1283627.1}

resolved to determine which of the two insurance policies is primary, which is excess, or whether they both are co-primary. For these reasons, following this Court' decision to hear the undecided issues remaining after the PA Coverage Action, these coverage and coverage priority issues cannot be decided without Harco being a party. Because Harco is a party required to be joined to obtain relief under the Federal Declaratory Judgment Act, and required to be joined as a party pursuant to Rule 19 of the Federal Rules of Civil Procedure, Genuine Parts filed a third-party complaint against Harco.

Harco has moved to dismiss the complaint to join by arguing a position that has no support, i.e., that Harco's obligation to provide coverage for the existing judgment against its insured, and the priority of coverage issue existing between the Discover Policy and Harco Policy, can never be resolved unless AIM and only AIM files an action to resolve it. Without setting forth a position on the issue at this time, AIM and Harco are represented by the same counsel. AIM through its joint counsel with Harco have shown no interest in obtaining a finding of coverage from the Harco Policy which all parties must acknowledge provides coverage to AIM. All parties also must acknowledge, but Harco will not at this point, that, even if Harco's priority of coverage position is accepted, it still would owe excess coverage to AIM to satisfy the approximately $2 million judgment existing against AIM over and above the $1 million limits of the allegedly primary Discover Policy. AIM has made it clear that it will never sue Harco, and it cannot because it is using the same legal counsel. As a result, under Harco's argument, it would never have to provide the coverage it provided to satisfy the existing judgment in favor of Genuine Parts and against its insured, AIM, despite agreeing to do so in the insurance policy.

## II.  STANDARD OF REVIEW

Harco wants to use its motion to dismiss as a motion for summary judgment without an appropriate record for this Court to decide the issues involved.  A complaint can only be found to be insufficient under Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(modifying long standing 12(b)(6) standards set out in Conley v. Gibson, 355 U.S. 41 (1957)).  (See also Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009)(clarifying that the Twombly standard is not limited to anti-trust context)).  When a party "make[s] a showing rather than a blanket assertion of an entitlement to relief" of a plausible claim, it must be permitted to proceed. Phillips v. County of Allegheny, 515 F.3d 224, 231 (3rd Cir. 2008).  In other words, the pleading only must supply enough facts to raise a reasonable expectation that discovery will reveal evidence supporting its claim.  Id. at 232 (quoting Twombly, 550 U.S. at 556, n.3).

The United States Court of Appeals for the Third Circuit has instructed:

> When presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well pleaded facts as true, but may disregard any legal conclusions.  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to show such an entitlement with its facts.

{P1283627.1}

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3rd Cir. 2009).  Genuine Parts' third-party complaint against Harco exceeds this pleading standard, and Harco's motion to dismiss, respectfully, should be denied.

### III.  ARGUMENT

**A.  <u>Genuine Parts Has Standing to Assert a Third-Party Claim Against Harco</u>**

Harco argues that Genuine Parts' third-party complaint should be dismissed because no party other than the insured, including a plaintiff like Genuine Parts who holds a judgment against that insured, an insurance company such as Discover who is argued to owe coverage for the judgment, or Genuine Parts who is being argued to be the de facto insurer of that insured because of a false SFR argument, can ever obtain declaratory relief that a separate, primary insurer such as Harco owes coverage to that same insured (here AIM), or declaratory relief regarding a priority of coverage issue between competing insurance policies.   The law is directly to the contrary to Harco's argument.

Harco relies on <u>Strutz v. State Farm Mutual Insurance Co.</u>, 609 A.2d 469 (Pa. Super. 1992), <u>Tremco, Inc. V. Pennsylvania Manufacturers Ass'n Ins. Co.</u>, 832 A.2d 1120 (Pa. Super. Ct. 2003) and <u>York Int'l Group v. Cincinnati Ins. Co.</u>, 2007 WL 2667984 (E.D. Pa. Sept. 5, 2007) to support its argument that Genuine Parts has no standing to join Harco to obtain relief necessary on the coverage and priority of coverage already existing in this case, and Harco ignores the case law which specifically recognizes the right of entities other than the insured to seek a declaration

of coverage against an insurer such as Harco which provides coverage to satisfy a judgment against its insured. Tellingly, the cases cited by Harco are not declaratory judgment cases, save one which did not address the issues before this Court at all, and none of them addressed Rule 19 of the Federal Rules of Civil Procedure or the coverage issues which brought about the joinder of Harco.

In Strutz, the Superior Court of Pennsylvania simply held that an automobile accident victim plaintiff cannot sue a tortfeasor's insurer for the plaintiff's damage claims. That rule of law has existed for generations but has no applicability to the coverage and priority of coverage issues existing here. Strutz held that all personal injury lawsuits cannot include the tortfeasor's insurer as a defendant because the plaintiff is not a third-party beneficiary of the insurance policy. That third-party beneficiary issue is not, and never has been, before this Court and, instead, this Court's concern is with insurance coverage and priority of coverage issues that cannot be decided in Harco's absence. Tremco simply held the same in another non-declaratory judgment and non-Rule 19 case.

York, an unreported decision from the Eastern District, did at least involve a declaratory judgment action, but it did not involve a Rule 19 necessary party, or any of the coverage and priority of coverage issues presently before this Court. York instead addressed another issue not before this Court - whether a judgment creditor could institute a garnishment action against an insurer based on a theory of the insurer's bad faith absent a formal assignment of the bad faith claim. 2007 WL 2667984, at 5.

{P1283627.1}

In citing these inapplicable cases, Harco ignores the controlling decisions, and the rationale behind them as they apply to the issues before this Court.  In <u>Shaw v. McGuinn</u>, 2015 WL 5178128 (M.D. Pa. Sept. 4, 2015), the Middle District specifically recognized that a judgment creditor such as Genuine Parts can file a declaratory judgment suit against a defendant's insurer after a judgment is obtained against that defendant to obtain coverage for the judgment.  In <u>Shaw</u>, the Shaws initiated a lawsuit against McGuinn, the operator of a tractor-trailer, after being injured in an accident in Pennsylvania. The Shaws also named the employer-insured, Kovaschetz Trucking, LLC, and the insured's insurer, National Liability and Fire Insurance Company ("National"), as defendants in their lawsuit. The Court initially held similar to <u>Strutz</u> – because there was no judgment against the defendant-insured, Kovaschetz Trucking, LL), no actual controversy existed for which the defendant-insured's insurer, National, could be sued.  The Court however only would dismiss the lawsuit <u>without</u> prejudice, specifically holding and recognizing that an existing judgment, such as exists here against AIM, would change that landscape, holding: "<u>[I]f and when the time arises that the Shaws did obtain a judgment in their favor and against Kovaschetz, then they may bring a declaratory judgment action against National.</u> " Id. at 3.

Harco's citations to inapposite law to support its argument that Genuine Parts cannot ever have its rights to coverage from Harco, or a determination of the priority of coverage issue existing between the Discover Policy and the Harco Policy decided, even in a situation where Genuine Parts is being claimed to stand in the shoes of Discover as the de facto insurer of the tortfeasor AIM against whom Genuine Parts holds a judgment, is misleading and unfortunate.  The law actually existing on the

10

{P1283627.1}

issues before this Court, and the sound reasoning behind it, clearly allows a judgment creditor to request a declaration of coverage against the defendant's insurer after an insured judgment is obtained against the defendants and which the defendant's insurer refused to acknowledge or pay.  If the law were as nonsensical as argued by Harco, then Harco could escape its insurance obligations towards an innocent victim plaintiff any time the defendant-insured went bankrupt, any time the defendant-insured dissolved, or any time the defendant-insured reached an agreement with the insurer not to request coverage from its insurer itself (which may have occurred here).  Harco's attempt to change the law without any good reason other than its own selfish attempt to avoid providing the coverage it provided should, respectfully, be rejected, and Genuine Parts' complaint to join Harco should be permitted to proceed.

      **B.**    **There Is a Dispute Regarding Coverage, and Priority of Coverage Between the Harco and Discover Policies, with Respect to the Judgment Entered Against AIM in the Underlying Tort Action**

Without citing to any law, or actual evidence,[2] Harco attempts to dismiss Genuine Parts' third-party complaint on the untruthful basis that there is no dispute regarding priority of coverage between the Harco and Discover Policies.  Harco also argues that, without any binding admissions or discovery or opportunity to create a factual record for this Court, because Harco, Discover, and AIM all agree that the Discover Policy is primary and the Harco Policy is excess, Genuine Parts has no ability to claim otherwise.  Harco makes its unsupported argument despite the fact that it is Genuine Parts which is being claimed by Discover, and now of course AIM and Harco, to be the de facto insurer

---

[2] Harco cites to a portion of a brief filed by Discover, an adverse party to Genuine Parts. (Harco brief, p. 6).

11

{P1283627.1}

of AIM for Genuine Parts' judgment against AIM, and despite the existing declaratory judgment against Discover.  Surely Genuine Parts has a right to raise the priority of coverage issue in the event this Court would accept Discover's baseless argument that Genuine Parts is the de facto insurer of AIM and therefore must somehow pay itself for the judgment entered against AIM.   This issue was never raised by Discover in the PA Coverage Action, or in any other venue, yet Harco argues without any supporting law that when it (Harco), it's insured (AIM which has its own Self Insured Retention at stake), and Discover (which is trying to avoid the declaratory judgment action already entered against it), agree the Harco policy is excess, then the alleged actual stake holder, Genuine Parts, has no right to speak on the issue.  Such an argument ignores reality and due process.

    Here, Genuine Parts seeks a determination of its rights under the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201 <u>et</u> <u>seq</u>. (the "Act"), which permits this Court to "declare the rights and other legal relations of <u>any</u> interested party seeking such declaration." (emphasis added).  Harco cites to no law which would quash Genuine Parts' right to relief under the Act, and furthermore no law or reasoning support Harco's motion to dismiss the third-party complaint filed against it to obtain the required declarations relating to the coverage issues involved.  Genuine Parts has a right to a determination that the Harco policy owes coverage to Genuine Parts for the judgment existing against Harco's insured, AIM, regardless of the priority of coverage because, regardless of that priority of coverage, the Harco Policy will be in play considering the amount of the approximately $2 million judgment against AIM and the $1 million limitation of the Discover Policy.  Additionally, Genuine Parts has a right under the Act

12

to a determination, again if coverage is found to have been owed to AIM under the Discover Policy, as to which of the two applicable policies is primary, excess, or co-primary. This Court's determination of these issues cannot be decided through Harco's motion to dismiss and can only be determined after a full and fair opportunity to address the substantive issue involved.

Harco's attempt to set forth a substantive basis for its priority of coverage issue is both premature, and callously incorrect. The Discover Policy, if it does apply to AIM, and the very Additional Insured Endorsement which Discover and AIM, and now Harco, invoke for their non-existent rights, provides both that AIM is <u>not</u> an additional insured unless the VMA required indemnification by Genuine Parts of AIM, which it did not as judicially determined in the Underlying Tort Action, and that the Discover Policy "will be primary and non-contributory <u>when required by such written contract [the VMA]</u>." Harco completely ignores these controlling agreements and language in making its priority of coverage argument, and the fact that, because the VMA did not require the Discover Policy to be primary, it will be read as excess. Harco does not even suggest what law would apply to this issue, and does not cite any law to support its argument, which alone should require the rejection of this argument.

Harco's motion to dismiss based upon its argument that because Discover, Harco, and AIM all agree the Harco Policy is excess is unsupported, and unsupportable. Even if we ignored the actual language of the Discover Policy, and did conclude that the Harco Policy was excess, Harco nonetheless would be required to be a party to this action to address its coverage for the excess judgment remaining after exhaustion of

13

the primary policy. Harco ignores that fact as well, and Harco's motion to dismiss, respectfully, should be denied.

### C. Harco is a Required Party to this Action Pursuant to Rule 19 of the Federal Rules of Civil Procedure

Harco next misleads this Court by arguing that Genuine Parts refuses to acknowledge its Self-Funded Retention ("SFR") obligations with Discover, despite there being no accuracy to that representation. Genuine Parts defended itself under the SFR when the Estate of Walters filed the Underlying Tort Litigation against Genuine Parts for, inter alia, the negligent maintenance of the subject vehicle, and Genuine Parts always has acknowledged its obligation under the SFR. It was only when Discover, and now AIM and Harco, attempted to distort the SFR into a mechanism for precluding Genuine Parts from suing AIM for AIM's negligence and breach of the VMA, and attempt to argue that Genuine Parts cannot sue AIM because it would have to then do the impossible if it won as it did here by paying itself for its judgment against AIM, that Genuine Parts raised the unconscionability, impropriety, and bad faith of such argument. Genuine Parts certainly agreed with Discover that it, Genuine Parts, would be responsible for its own defense costs and liability obligations for claims made against Genuine Parts by third parties when Genuine Parts was sued and/or found to be liable to such third parties. However, Genuine Parts and Discover never agreed, discussed, or ever intended that the SFR would for the first time in the history of Discover's claim handling apply to claims filed by Genuine Parts against third parties who cause damages to Genuine Parts, and therefore preclude Genuine Parts from filing a lawsuit against that third party which causes damages to Genuine Parts.

14

Harco then misrepresents that this Court's Memorandum and Order prohibits AIM from being subject to the SFR contained in the Discovery Policy. In this Court's Memorandum and Order, this Court ruled that Discover cannot re-litigate the declaratory judgment entered against Discover in the PA Coverage Action, yet Discover continues to do so.  The SFR argument which Discover waived in state court by not raising it in the PA Coverage Action, and will be found to have waived by never asserting it in any reservation of rights until after the declaratory judgment was entered against Discover, was never at any time addressed as Harco now argues.  There is a very real possibility that the SFR did apply to AIM if AIM was in fact an additional insured under the Discover Policy, <u>but Discover chose not to raise that issue in the PA Coverage Action.</u> While <u>Discover</u> will not get the benefit of that SFR argument against AIM, and AIM will not be subject to pay the SFR based upon the past rulings, that does not mean that Genuine Parts is precluded from establishing as it has been alleged that Discover chose to abandon policy defenses in an intentional and ill-willed effort to harm Genuine Parts and that Genuine Parts is entitled to raise policy defenses that Discover chose not to raise <u>in defense of Discover's claims against Genuine Parts</u>.   So much of Harco's argument, just like AIM's through its same counsel, is an obfuscation of what actually exists and what has taken place in these proceedings.

Harco next cites to Fed. R. Civ. P. 19, arguing that it is not a required party to this action, and it makes that argument by just ignoring the issues of coverage and priority that are at issue and by misleading this court into believing that the only issue is whether the SFR applies to bar Genuine Parts from recovering on its judgment against AIM (and AIM's insurer Harco).

Fed. R. Civ. P. 19 provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction <u>must</u> be joined as a party if":

   (A) in that person's absence, the court cannot accord complete relief among existing parties; or

   (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action the person's absence may:

      i. as a practical matter impair or imped the person's ability to protect the interest; or

      ii. leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Both of these criteria are met here. How can a determination of coverage under the Harco Policy, and a determination of the priority of coverage between the Harco Policy and Discover Policy (if the Discover Policy is found to apply) be made in Harco's absence? Is Harco willing to allow that binding determination to be made in its absence and through its same counsel who is representing AIM? If Harco would agree to that result, then that would change the landscape of this legal issue, but as of now Harco simply argues that no one besides AIM can ever address the coverage issue that affects all parties, or the significant priority of coverage issue that affects all parties, both of which must be decided if this Court continues to decide the coverage issues which Discover chose not to raise in the PA Coverage Action. As set forth above, "[d]eclaratory judgments are proper, *inter alia*, to determine that an insurance policy is valid and in force and to declare at the suit of injured persons the liability of an insurer to pay the judgment obtained against the insured," and a declaratory judgment action by a

judgment holder is proper against an insurer of the insured-judgment debtor. <u>Shaw v. McGuinn</u>, 2015 WL 5178128, at *3 (M.D. Pa. Sept. 4, 2015)(emphasis added).

Here, the Harco Policy provided both a defense and indemnity to AIM in the Underlying Tort Action but Harco, despite defending AIM, refuses to acknowledge this coverage obligation. Genuine Parts seeks in its third-party complaint to declare that Harco does in fact provide the coverage it refuses to acknowledge, and that the Harco Policy is primary.  This Court cannot provide Genuine Parts, or any of the parties, the relief necessary under the Act without Harco, and therefore Harco is a required party to this action to make the declarations requested under the Federal Declaratory Judgment Act.

## IV.  CONCLUSION

Genuine Parts' has standing to bring its claims for declaratory relief, and to defend against the claims for declaratory relief asserted by Discover, through a joinder of Harco through the third-party complaint.  Genuine Parts has a judgment against Harco's insured, AIM, and there is no other viable means of determining the parties' rights to their requests for declaratory relief without Harco's presence until this Court dismisses Discover's meritless claims.   Harco's motion to dismiss, respectfully, should be denied.

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.


By: /s/ Paul R. Robinson
    PAUL R. ROBINSON, ESQUIRE
    PA I.D. No. 65581
    600 Grant Street, Suite 4850
    Pittsburgh, PA  15219
    Telephone:  (412) 261-6600
    Email:  probinson@mdbbe.com

    Counsel for Genuine Parts Company t/d/b/a
    NAPA Auto Parts

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|  |  |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| _____ | Overnight Delivery |
| _____ | Electronic Mail |
| **X** | CM/ECF Filing |

at the following address:

Alan S. Miller
amiller@psmn.com
R. Brandon McCullough, Esquire
bmccullough@psmn.com
Picadio, Sneath, Miller & Norton
Four Gateway Center
444 Liberty Avenue, Suite 1105
Pittsburgh, PA 15222
*(Counsel for Discover Property & Casualty Insurance Company)*

Christopher M. Jacobs, Esquire
Burns White, LLC
Four Northshore Center, 106 Isabella Street
Pittsburgh, PA 15212
cmjacobs@burnswhite.com
*(Counsel for AIM Leasing Company d/b/a AIM NationaLease and Harco National Insurance Company)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date: December 29, 2016     /s/ Paul R. Robinson
                            PAUL R. ROBINSON, ESQUIRE

{P1283627.1}